UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PI, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12-cv-350 |
| | ) |
| M. MELANIE BEENE, JONES C. BEENE, IV | ) |
| and F. ALLISON BEENE, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants M. Melanie Beene, Jones C. Beene, IV and F. Allison Beene ("Defendants") through counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of this action from the Chancery Court of McMinn County, Tennessee to the United States District Court for the Eastern District of Tennessee at Chattanooga, and as grounds therefore, state as follows:

1. PI, Inc. (hereinafter "Plaintiff" or "PI, Inc.") filed this action on September 18, 2012 in the Chancery Court of McMinn County, Tennessee. The summons and complaint were served on M. Melanie Beene and F. Allison Beene on September 25, 2012; and on Jones C. Beene, IV on September 24, 2012. The case is styled *PI, Inc. v. M. Melanie Beene, Jones C. Beene, IV and F. Allison Beene*, Case No. 2012-CV-322 (the "Complaint"). Copies of all pleadings heretofore filed in the state court action and served upon Defendants are attached hereto as **Exhibit A**.

2. Plaintiff seeks a declaratory judgment, pursuant to T.C.A. § 29-14-101, as to whether it is obligated to pay Defendants dividends or otherwise purchase Defendants' shares of stock in PI, Inc. *See* Compl. at ¶ 15. Plaintiff alleges that it is not required to pay dividends to any class of shares or to buy back Defendants' Class B Non-voting shares. Plaintiff seeks a declaration of rights as to any obligation of Plaintiff to pay dividends to Defendants, purchase their shares, or whether its officers and directors have breached any fiduciary duties owed to Defendants. *Id*. at ¶ 15.

3. Defendants' Notice of Removal is filed within 30 days of service as required by 28 U.S.C. § 1446(b).

4. There is complete diversity of citizenship between the parties in this case.

   a. As stated in the Complaint, Plaintiff is a Tennessee corporation with its principal place of business in Tennessee. Plaintiff is therefore a citizen of Tennessee. 28 U.S.C. § 1332(c).

   b. Defendant M. Melanie Beene resides in San Francisco, California; defendant Jones C. Beene, IV is a resident of Mill Valley, California; and defendant F. Allison Beene is a resident of Oakland, California.

   c. As Plaintiff is a citizen of Tennessee and Defendants are citizens of the state of California, there is complete diversity of citizenship between the parties in this case. Thus, jurisdiction exists for the removal of the case to the United States District Court for the Eastern District of Tennessee. *See* 28 U.S.C. §§ 1332(a) and 1441(b).

5. In its Complaint, Plaintiff seeks a declaration of the rights between the parties as to any obligation of Plaintiff to pay dividends to or purchase the shares of Defendants, or whether Plaintiff and its officers and directors have breached any fiduciary duties. Complaint at pp. 3-4, ¶¶ 10-11, 13-14. As minority shareholders, Defendants have asked Plaintiff for access

to records, which, at this time, have not been complied with. The Complaint did not plead a damage amount, but it is clear that the stock is valued at significantly more than the jurisdictional $75,000 limit. Moreover, the limited financial information available would demonstrate that the potential breaches of fiduciary duty far exceed that limit as well.

    a.  If the stock had to be bought back, or dividends paid, the value would be significant. Even accepting as true all the allegations of the Complaint, there can be no doubt that the Defendants herein own the following:

| STOCKHOLDER | CLASS A VOTING | CLASS A NON-VOTING | CLASS B NON-VOTING |
|---|---|---|---|
| M. Melanie Beene | 5 | 161 | 827 |
| Jones C. Beene, IV | 8 | 166 | 726 |
| F. Allison Beene | 5 | 161 | 837 |
| **TOTALS** | **18** | **488** | **2390** |

Complaint at p. 3, ¶ 9.

    b.  The Consolidated Financial Statements of PI, Inc. and its Subsidiaries were provided to Melanie Beene. Declaration of Melanie Beene, **Exhibit B** (at ¶ 2 & Exhibit 1). Based on those Consolidated Financial Statements, there are a total of 5,199 shares of stock outstanding, meaning that the **Defendants own 55.7 % of all outstanding stock**. Id. (at ¶¶ 2-5 & Exhibit 1 at pp. 6-8).

    c.  According to the Consolidated Financial Statements, the "Total stockholder's equity" in PI, Inc., including "Additional paid-in capital" and "Retained Earnings," is $4,877,157. Declaration of Melanie Beene, **Exhibit B** (at ¶ 2 & Exhibit 1 at p. 6). Thus, the Defendants' share of the total stockholder's equity is $2,716,576.45.

d. The net income of the company for 2011 was $401,987. Declaration of Melanie Beene, **Exhibit B** (at ¶ 2 & Exhibit 1 at p. 7). Thus, the Defendants' share of the net income was $223,906 for 2011.

e. In a lawsuit filed by a former Chief Financial Officer of PI, Inc., Lou Pascarella, Mr. Pascarella attached a copy of an agreement between himself and PI, Inc. A copy of the Complaint by Mr. Pascarella is attached hereto as **Exhibit C**. In that agreement, the estimated book value per share of common stock was $580/share. Using that figure, the book value of the Defendants' stock is over $1,679,680 as of October 1, 2001.

f. Moreover, there have been substantial insider dealings by the company employees and shareholders which, if improper, would greatly exceed the jurisdictional limits. The Defendants are not privy to the full information, but the Consolidated Financial Statements reflect that PI, Inc., has "notes receivable from certain shareholders and employees totaling $295,709 and $243,373 as of August 31, 2011 and 2010, respectively." Declaration of Melanie Beene, **Exhibit B** (at ¶ 2 & Exhibit 1 at p. 19). Therefore, the Consolidated Financial Statements reflect that loans are being made to "certain shareholders and employees" in large sums. If these loans were considered a breach of fiduciary duty, the value would exceed the $75,000 jurisdictional limits.

g. Moreover, as reflected in its Consolidated Financial Statements, PI, Inc. has contracted with a company named JR Contractors, LLC, which is "wholly owned by several shareholders and members of management," and has hired the company to "to perform construction and demolition services." Declaration of Melanie Beene, **Exhibit B** (at ¶ 2 & Exhibit 1 at p. 19). PI, Inc. has paid JR Contractors, LLC $71,192 and $248,353 for 2011 and 2010, respectively. *Id*. If these contracts were found to be a breach of fiduciary duty, and notwithstanding that other such contracts could exist in other years, the value would exceed the

$75,000 jurisdictional limits.

   h. On October 5, 2012, Defendants requested that PI, Inc. provide certain information pursuant to Tennessee Code Annotated Section 48-26-101 *et seq*. The noticed inspection, pursuant to statute, was set more than five days after the letter, which was emailed to counsel for PI, Inc. who agreed to accept service, and noticed for October 17, 2012. On October 16, 2012, counsel for PI, Inc. cancelled the inspection and has not responded to counsel's email asking for an alternative date. In fact, just today, October 24, 2012, counsel for PI, Inc. offered to make available some information that was provided by PI, Inc., but issued a blanket objection to much of the request. As such, information required to be produced according to statute has not been forthcoming, in violation of Tennessee statute, which has hindered Defendants' ability to plead additional financial information. Copies of the correspondence is attached hereto as **<u>Collective Exhibit D</u>**.

   6. Based on the value of Defendants' shares of stock, and the substantial insider dealing, the amount in controversy clearly exceeds $75,000 exclusive of interest and costs.

   7. Based on the diversity of the parties' citizenship and the amount in controversy, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

   8. Defendant files herewith as **<u>Collective Exhibit E</u>** copies of the notices of removal which are being sent to Plaintiff's counsel and to the Clerk of the Chancery Court of McMinn County, Tennessee, from whence this case is sought to be removed.

WHEREFORE, Defendant prays that this cause proceed in this Court as an action properly removed hereto.

DATED: October 24, 2012.

                                            BAKER, DONELSON, BEARMAN,
                                             CALDWELL & BERKOWITZ, P.C.

By: s/Clinton P. Sanko
     Clinton P. Sanko, BPR No. 023354

1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
(423) 209-4168
(423) 752-9580 (fax)
csanko@bakerdonelson.com

*Attorneys for M. Melanie Beene, Jones C. Beene, IV and F. Allison Beene*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 24th day of October 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      Brian C. Quist
      Joanna R. O'Hagan
      Jenkins & Jenkins Attorneys, PLLC
      2121 First Tennessee Plaza
      Knoxville, TN 37929-2121

      Attorneys for Plaintiff

                  BAKER, DONELSON, BEARMAN,
                    CALDWELL & BERKOWITZ, P.C.

            By:  s/Clinton P. Sanko
                  Clinton P. Sanko, BPR No. 023354