| | | |
|---|---|---|
| PI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:12-cv-350 |
| M. MELANIE BEENE, JONES C. BEENE, | ) | |
| IV AND F. ALLISON BEENE, | ) | District Judge Harry S. Mattice, Jr. |
| | ) | |
| Defendants and Third-Party | ) | Magistrate Judge Susan K. Lee |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| JAMES JEFFERSON BEENE, II AND | ) | |
| JONES C. BEENE, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

---

### DEFENDANTS' ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

---

Defendants, M. Melanie Beene, Jones C. Beene, IV, and F. Allison Beene (collectively "**Defendants**"), hereby answer the Complaint of PI, Inc. ("**Plaintiff**" or "**PI, Inc.**") filed on September 18, 2012, bring a Counterclaim, and bring a Third-Party Complaint as follows:

### ANSWER

For the convenience of the Court, the allegations of each of the Complaint's paragraphs are set forth herein, in bold font, immediately preceding the Response.

1.     **PI, Inc, (hereafter "PI" or the "Corporation") is a Tennessee Corporation with its principal place of business at 213 Dennis Street, Athens, McMinn County, Tennessee.**

RESPONSE:

Upon information and belief, Defendants admit the allegations of Paragraph 1 of the Complaint.

2.     **Defendant M. Melanie Beene is a shareholder of PI and a resident of the state of California.  She may be served with process at 1339 Diamond St. San Francisco, CA 94131.**

RESPONSE:

Defendants admit the allegations of Paragraph 2 of the Complaint.

3.     **Defendant Jones C. Beene, IV is a shareholder of PI and a resident of the state of California.  He may be served with process at 215 Chapman Rd., Mill Valley, CA 94941.**

RESPONSE:

Defendants admit the allegations of Paragraph 3 of the Complaint.

4.     **Defendant F. Allison Beene is a shareholder of PI and a resident of the state of California.  He may be served with process at 1107 Stanford Ave., Oakland CA 94608.**

RESPONSE:

Defendants deny the allegations of Paragraph 4 to the extent that they imply that Defendant F. Allison Beene is male.  Defendants admit the remaining allegations in Paragraph 4 of the Complaint.

5.     **PI is a Tennessee corporation headquartered in McMinn County, Tennessee. The disputes herein pertain to Defendants' ownership of stock in PI, and as such the disputes herein occurred in McMinn County, Tennessee. This Court has subject matter jurisdiction. This court has personal jurisdiction over the parties.  This court is a proper venue.**

RESPONSE:

Defendants deny the allegations of Paragraph 5 to the extent that they imply that the disputes referenced herein occurred exclusively in McMinn County.  Defendants further deny the allegations of Paragraph 5 to the extent that they imply that this Court is the only court with personal jurisdiction over the parties and/or the only court constituting a proper venue for the

disposition of the disputes between the parties pertaining to Defendants' ownership of stock in

PI. Defendants admit the remaining allegations in Paragraph 5 of the Complaint.

**6.     PI was incorporated in Tennessee in 1952 as "Plastics Industries, Incorporated." The Corporation's founder was Jones C. Beene, III. The Corporation formerly changed its name to "PI" in 1986.**

RESPONSE:

Defendants admit that PI, Inc. was incorporated in Tennessee in 1952 as "Plastics

Industries, Incorporated." Defendants deny the remaining allegations of Paragraph 6.

Defendants aver that according to records obtained through the Tennessee Secretary of State, the

incorporators of Plastics Industries, Incorporated were Jones C. Beene, III and Kenneth D.

Higgans. Relying upon the Secretary of State records, Defendants aver that the Corporation

changed its name to "PI, Inc." in 1986.

**7.     PI presently has there [sic] (3) classes of shares. Those classes are (a) Class A Voting, (b) Class A Non-voting, and (c) Class B Non-voting. As the descriptions imply, control of all corporate affairs, specifically the election of the board of directors, is vested exclusively with the Class A Voting shares. Further, a simple majority of the Class A Voting shares is all that is required for company control.**

RESPONSE:

Upon information and belief, and based on the limited documents available to the

Defendants, Defendants admit that there appear to be three classes of stock as set forth in

Paragraph 7 of the Complaint and that only one class of stock has voting rights. The corporate

documents speak for themselves on the specific rights and other differentiations between each

class of stock, and these allegations are denied to the extent that they are inconsistent with the

corporate documents and/or Tennessee law. Further, as Defendants have been prohibited from

participating in virtually every aspect of the business, and as Plaintiff has refused to allow the

inspection of all corporate documents subject to inspection by shareholders under Tenn. Code

Ann. § 48-26-102, Defendants are without information sufficient to form a belief as to the remaining allegations of Paragraph 7 of the Complaint and, as such, those allegations are denied.

8. **Presently, PI's chairman of the Board of directors and President James Jefferson Beene, II owns 192 shares of the Class A Voting stock, or 39.1% of the outstanding shares. His brother, Jones C. Beene, owns 192 shares of Class A Voting stock, or 39.1% of the outstanding shares. James Jefferson Beene, II and Jones C. Beene therefore constitute a significant majority (78.2%) of the Class A Voting stock and therefore collectively control the Corporation.**

RESPONSE:

Defendants admit that James Jefferson Beene, II and Jones C. Beene have, in practice, controlled PI, Inc. and frozen out the Defendants from the operational aspects of the business. As to the remaining allegations of Paragraph 8 of the Complaint, Defendants have been prohibited from participating in virtually every aspect of the business, and as Plaintiff has refused to allow the inspection of all corporate documents subject to inspection by shareholders under Tenn. Code Ann. § 48-26-102, Defendants are without information sufficient to form a belief as to the allegations of Paragraph 8 of the Complaint as to the specific ownership allocations of Class A Voting stock. Specifically, on October 5, 2012, the Defendants requested that PI, Inc. provide to them a "record of shareholders" pursuant to Tenn. Code Ann. § 48-26-102(b). That information has not been forthcoming.

9. **Defendants own the following shares of PI:**

(a) **M. Melanie Beene owns 5 shares Class A Voting (1% of the outstanding shares), 161 Class A non-voting, and 827 shares of Class B Non-Voting.**

(b) **Jones C. Beene, IV, owns 8 shares Class A Voting (1.6% of the outstanding shares), 166 Class A non-voting, and 726 shares of Class B Non-Voting.**

(c) **F. Allison Beene owns 5 shares Class A Voting (1% of the outstanding shares), 161 Class A non-voting, and 827 shares of Class B Non-Voting.**

RESPONSE:

Defendants admit that they own shares of stock in PI, Inc. and would seek an accounting in this action as to the exact ownership shares. As to the specific allegations regarding the number of shares, Defendants have been prohibited from participating in virtually every aspect of the business, and as Plaintiff has refused to allow the inspection of all corporate documents subject to inspection by shareholders under Tenn. Code Ann. § 48-26-102, Defendants are without information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint. Specifically, on October 5, 2012, the Defendants requested that PI, Inc. provide to them a "record of shareholders" pursuant to Tenn. Code Ann. § 48-26-102(b). That information has not been forthcoming.

10. **PI is not required to pay dividends to any class of shares. PI is not required to buy back shares from Defendants. However, over the years, Defendants, including efforts made by and through attorneys, have made persistent demand upon PI and PI pay to them dividends and otherwise purchase their shares. See attached letters from Attorney Stan Blyth, attorney for the Defendants, dated May 17, 2011 (Exhibit A) and dated September 21, 2011 (Exhibit B).**

RESPONSE:

Defendants admit that they have consistently demanded that James Jefferson Beene, II and Jones C. Beene cease wrongful conduct in violation of their fiduciary duties as majority shareholders of PI, Inc., including that they stop freezing out the minority shareholders from participation in the business and depriving the minority shareholders of their right to benefit financially from the corporation. Defendants admit that such wrongful conduct engaged in by James Jefferson Beene, II and Jones C. Beene includes, but is not limited to, failure to pay dividends to minority shareholders while distributing to themselves unwarranted and excessive salaries. Exhibits A and B of the Complaint are written documents that speak for themselves and

5

Defendants deny the characterization of those letters as set forth in Paragraph 10 of the Complaint. Defendants deny the remaining allegations of Paragraph 10.

11.    **To bolster their efforts to achieve money from PI, Defendants have harassed and accused, and continue to harass and accuse, PI's officers and directors James Jefferson Beene, II, Jones C. Beene, and Todd Harris of malfeasance and breach of their fiduciary duties owed PI. See Exhibit A and Exhibit B.**

RESPONSE:

Defendants admit that they have consistently demanded that James Jefferson Beene, II and Jones C. Beene cease wrongful conduct in violation of their fiduciary duties as majority shareholders of PI, Inc., including that they stop freezing out the minority shareholders from participation in the business and depriving the minority shareholders of their right to benefit financially from the corporation. Defendants admit that such wrongful conduct engaged in by James Jefferson Beene, II and Jones C. Beene includes, but is not limited to, failure to pay dividends to minority shareholders while distributing to themselves unwarranted and excessive salaries. Exhibits A and B of the Complaint are written documents that speak for themselves and Defendants deny the characterization of those letters as set forth in Paragraph 11 of the Complaint. Defendants deny that they have engaged in any form of harassment toward PI, Inc. or any of its employees or representatives. Defendants deny the remaining allegations of Paragraph 11.

12.    **One of the Defendants, Jones C. Beene, IV, on December 30, 2011, attempted the filing of a derivative suit in California against PI. That case was styled *Jones C. Beene IV v. James Jefferson Beene Jr., Jones Beene, Jr., and Todd Harris, Does 1 through 30, and PI, Inc., docket no. C 11-06717SW,* United District Court Northern District of California. See attached Exhibit C. Their case was dismissed for lack of personal jurisdiction. See Order attached as Exhibit D.**

RESPONSE:

Defendants admit that Jones C. Beene IV filed a Verified Shareholder Derivative Complaint on December 30, 2011 in the Northern District of California that is numbered 3:11-

cv-06717.  Exhibit C and Exhibit D of the Complaint are written documents that speak for themselves, as do the other pleadings and orders in that docket.

13.  **PI takes the position that there exists no requirement, by contract or statute, for it to pay Defendants dividends or to purchase their shares and the accusations and the harassment must stop.  Further there exists no basis for any malfeasance or breach of fiduciary duty by PI's officers and directors.**

RESPONSE:

Defendants admit only that James Jefferson Beene, II and Jones C. Beene take the position asserted in Paragraph 13.  Defendants deny the truth and validity of James Jefferson Beene, II's and Jones C. Beene's asserted position that "there exists no requirement, by contract or statute, for [PI, Inc.] to pay Defendants dividends or to purchase their shares."  Defendants deny that they have engaged in any form of harassment toward PI, Inc. or any of its employees or representatives. Defendants deny the remaining allegations of Paragraph 13.

14.  **Presently there is a dispute by and among the Corporation and Defendants as to the rights afforded them by the virtue of their ownership of stock, however classified, in PI as well as their claims of officer and director breach of fiduciary duty.**

RESPONSE:

Defendants admit that a dispute exists between Defendants and James Jefferson Beene, II and Jones C. Beene.  Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15.  Defendants deny that Plaintiff is entitled to a declaratory judgment that the officers and directors of PI, Inc. have not breached their fiduciary duties and/or that PI, Inc. is under no obligation to pay dividends and/or that PI, Inc. is under no obligation to purchase Defendants' shares of stock in PI, Inc.  To the extent any response is required, and to the extent they allege that the Plaintiff is entitled to a declaratory judgment in its favor, the allegations of the WHEREFORE Paragraph of Plaintiff's Complaint are denied.

16.     Any and all allegations of the Complaint not hereinabove admitted, denied, or explained are here and now denied.

## AFFIRMATIVE DEFENSES
## TO THE COMPLAINT

17.     Defendants reassert and incorporate each answer and defense made to this point as if fully set forth herein.

### FIRST DEFENSE

18.     Plaintiff is not entitled to any declaratory judgment in its favor due to fraud perpetrated by Plaintiff's officers and directors.

### SECOND DEFENSE

19.     Plaintiff is not entitled to any declaratory judgment in its favor due to the illegality of conduct engaged in by Plaintiff's officers and directors.

### THIRD DEFENSE

20.     Defendants deny that PI, Inc. is the proper plaintiff in this case or that it has standing to bring this action.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

Now, having answered the Complaint of Plaintiff PI, Inc., Defendants assume the role of Third-Party Plaintiffs and Counter-Plaintiffs, and pursuant to Rules 13 and 14 of the *Federal Rules of Civil Procedure,* and bring the following Counterclaim and Third-Party Complaint:

### PARTIES

21.     Third-Party Plaintiff and Counter-Plaintiff M. Melanie Beene is an individual residing in San Francisco, California.

22.     Third-Party Plaintiff and Counter-Plaintiff Jones C. Beene, IV is an individual residing in Mill Valley, California.

23.     Third-Party Plaintiff and Counter-Plaintiff F. Allison Beene is an individual residing in Oakland, California.

24.     Counter-Defendant PI, Inc. is a Tennessee corporation with its principal place of business at 213 Dennis Street, Athens, McMinn County, Tennessee.

25.     Third-Party Defendant James Jefferson Beene, II is an individual residing in Athens, Tennessee.  Upon information and belief, James Jefferson Beene, II resides at 120 Shadows Lawn Drive, Athens, Tennessee 37303 and can be served with process at that address.

26.     Third-Party Defendant Jones C. Beene is an individual residing in Athens, Tennessee. Upon information and belief, Jones C. Beene resides at 237 Fyke Drive, Athens, Tennessee 37303.

**JURISDICTION AND VENUE**

27.     This Court has subject matter jurisdiction over this claim under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the parties.  The damages alleged exceed $75,000, exclusive of interest and costs.

28.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because Third-Party Defendants reside in this District.

**BACKGROUND ON PI, INC.**

29.     PI, Inc. was incorporated as Plastics Industries, Incorporated by Jones C. Beene, III and Kenneth D. Higgins on September 26, 1952.  The purpose of PI, Inc. was set forth in the Charter as follows:

> The general nature of the business to be transacted by this corporation is
>
> (1) The purposes for which this corporation is formed are to carry on and conduct the ***plastic manufacturing business***, including the fabrication, moulding [sic], assembling, and otherwise treating

plastic materials and making and manufacturing therefrom, signs, toys, notions, tools, implements, and any other products *out of plastic materials*.

(2) To establish a wholesale and retail *plastic business*.

(3) To apply for, obtain, register, purchase, lease, or otherwise acquire, to hold, use, own, operate, introduce, and to sell, assign, or otherwise dispose of any trademarks, tradenames [sic] copyrights, patents, inventions, improvements, and processes used in connection with the *plastic manufacturing business*. [emphasis added.]

30. At incorporation, the stock authorized to be issued by PI, Inc. included one thousand (1000) shares of no par value common stock, and five hundred (500) shares of preferred stock with a par value of $100.00. The preferred stock was non-voting stock.

31. On May 28, 1959, an amendment to PI, Inc.'s Charter added two thousand shares of Class A common stock with a par value of $25.00 per share. The added stock was to have no voting rights. The Charter amendment read:

> Whereupon, on motion of Kenneth G. Higgins, duly seconded by Roy Nankivell, Jr. it was moved that the capital stock of Plastic Industries, Incorporated, be altered, changed, and amended so as to increase the said capital stock of said company by creating a new classification of stock as follows: "Two Thousand Shares of 'Class A' Common Stock with a par value of $25.00 per share. This said stock shall have on voting rights', and that the charter be amended accordingly and that the Directors of the Corporation shall call upon the president and secretary to execute a certified copy of the Minutes of the Board of Directors, providing for such amendment and a certified copy of the minutes of this Stockholders Meeting ….

32. By amendment to the Charter, the name of the company was changed to Plastic Industries, Inc. on May 10, 1973.

33. By further amendment to the Charter, the company's name was changed to PI, Inc. on September 17, 1986.

34. The 1986 amendment to the Charter also added to PI, Inc.'s authorized capital stock 10,000 shares of Class "B" non-voting common stock without a nominal or par value. That Charter amendment read:

That ARTICLE FOURTH entitled STOCK WITH CLASSIFICATIONS AND DISTINGUISHING CHARACTERISTICS, IF ANY be amending [sic] by adding thereto the following paragraph:

"The authorized capital stock of this Corporation shall also consist of 10,000 shares of Class "B" Non-Voting Common Stock without a nominal or par value. The holders of Class "B" Non-Voting Common Stock shall be entitled in all respects to equal rights and privileges with the holders of the no par value common stock except that the holders of Class "B" Non-Voting Common Stock shall not have by reason of their ownership thereof any right to vote or any voice in the management of the Corporation."

## LEADERSHIP OF PI, INC.

35. The company's principal founder was Jones C. Beene III. The Third Party Plaintiffs, M. Melanie Beene, Jones C. Beene, IV and Allison Beene, along with James Jefferson Beene ("**Jeff Beene**"), were the sons and daughters of Jones C. Beene, III and were brothers and sisters.

36. Jeff Beene was killed on January 31, 2009 in an attempted robbery of PI, Inc.

37. James Jefferson Beene, II and Jones C. Beene are the sons of Jeff Beene (and the nephews of M. Melanie Beene, Jones C. Beene, IV and Allison Beene). Upon information and belief, while other shareholders of PI, Inc. may exist, the vast majority of the shares of PI, Inc. are held by M. Melanie Beene, Jones C. Beene, IV, Allison Beene, James Jefferson Beene, II and Jones C. Beene, who are all related as the descendants of Jones C. Beene III.

38. Jeff Beene's Last Will and Testament, dated July 3, 2002, (the "**Will**"), as filed with the Petition for Probate of Will and Granting of Letters Testamentary, in *The Estate of*

*James Jefferson Beene, Deceased*, Case No. D4460 (General Sessions Court for Roane County,

Tennessee at Kingston Probate Division) bequeathed his stock in PI, Inc. as follows:

### ITEM III.
### Stock in PI, Inc.

If, at the time of my death, I own any stock in PI, INC. then my Personal Representatives shall ascertain the then exempt amount from Tennessee Inheritance Taxes and set apart sufficient shares of stock in PI, INC., first of the Class B Non-Voting Shares of PI, INC., and then, if necessary, not more than forty-nine (49%) percent of the Class A Voting Shares of PI, INC., which shares of stock in the aggregate total value will not exceed in value the exempt amount for Tennessee Inheritance Taxes in my Estate. In setting apart these shares of stock to fund the distribution hereunder, said shares shall be valued at the value as finally determined for Federal Estate Tax purposes in my Estate. Once the number of shares of stock of Class B Non-Voting and/or Class A Voting Shares of stock in PI, INC. (subject to the limitation that not more than 49% of the Class A Voting Shares shall be available for distribution hereunder) has been determined, said shares shall be distributed in equal shares by Class, to each of my sons, provided said sons are employed at PI, INC., and in the event one of said sons is not so employed, then all of said shares of stock shall go to the son so employed at PI, INC.
. . .

### ITEM IV.
### Remaining Shares of PI, Inc. - Marital Trust for Wife if She Survives

If my Wife survives me the remaining fifty-one (51%) percent of my shares of Class A Voting Stock in PI, INC., and if, in addition to the shares of Class B Non-Voting stock distributed under Item III above to my sons, there remains as an asset of my Estate any shares of Class B Non-Voting Stock in PI, INC. my Personal Representatives hereinafter named shall distribute all of said shares of stock to the Trustees hereinafter named as a Marital Trust Estate for the use and benefit of my Wife, Sophia Darlynn Beene.

39.     As evidenced by the language of Item III of the Will, it was the intent of James

Jefferson Beene that his sons, James Jefferson Beene, II and Jones C. Beene, would not control

more than 49% of the voting stock in PI, Inc. as long as their mother, and his wife, Sophia Darlynn Beene, was living.

40.     The Will of James Jefferson Beene appointed as Co-Personal Representatives his wife, Sophia Darlynn Beene and his sons, James Jefferson Beene, II and Jones C. Beene.

41.     Prior to closing of probate on the will, at a shareholders' meeting on March 5, 2010, a motion was made to transfer the Class B shares owned by James Jefferson Beene, II and Jones C. Beene into Class A voting shares.  The entire Shareholder's Meeting of March 5, 2010 reads as follows:

> Present:  Jeff Beene, Jr, Jones C. Beene V.
>
> Notice was sent to all shareholders and only those above were in attendance.
>
> Meeting call to order by Jeff Beene, Jr.
>
> A vote to continue with the current slate of Directors was made by Jeff Beene, Jr and seconded by Jones Beene.  Jones C Beene V representing Jeff Beene Sr. estate voted in favor.  Quorum was established, no other votes needed.
>
> A motion was made to transfer Class B shares to Class A voting shares due to the personal liability of both Jeff, Jr and Jones on company debt.  The transfer of these shares will not present any dilution issues.  Vote was approved.  Jones C Beene V representing the Estate of Jeff Beene Sr voted in favor.  Quorum was established, no other votes needed.
>
> Meeting was adjourned.

42.     As a result of the change of the voting rights of the Class B Non-Voting Shares owned by James Jefferson Beene, II and Jones C. Beene from non-voting shares to Class A Voting shares, James Jefferson Beene, II and Jones C. Beene became the controlling shareholders of the corporation.

43.     James Jefferson Beene, II is the current President of PI, Inc. and is a member of PI, Inc.'s board of directors.

44.     Jones C. Beene is the current Vice President of PI, Inc. and is a member of PI, Inc.'s board of directors.

45.     Collectively, James Jefferson Beene, II and Jones C. Beene claim to own a significant majority of the Class A Voting stock and collectively have exerted control over the Corporation.

46.     Since the purported change in status of their stock, James Jefferson Beene, II and Jones C. Beene have conducted the business of PI, Inc. in a way as to freeze out or squeeze out the minority shareholders.

## REQUESTS FOR RECORDS

47.     On October 5, 2012, pursuant to Tennessee Code Annotated Section 48-26-101 *et seq.*, M. Melanie Beene, Jones C. Beene, IV and Allison Beene demanded access to the records of PI, Inc.  Despite good faith correspondence and efforts of M. Melanie Beene, Jones C. Beene, IV and Allison Beene to find a compromise, PI, Inc. has refused to comply with the legitimate requests.

48.     M. Melanie Beene, Jones C. Beene, IV and Allison Beene have demanded, but not received, full and detailed information on total compensation, and demanded that payment of unreasonable salaries, based on similar levels of competence in similar companies, be immediately ceased.  PI, Inc. has refused to provide such information in violation of the law.

49.     While PI, Inc. has refused the records requests of M. Melanie Beene, Jones C. Beene, IV and Allison Beene, they have provided the January 12, 2012 audited financials ("**Audited Financials**").   Moreover, they have provided (1) PI, Inc.'s charter and all amendments thereto in effect; (2) PI, Inc.'s bylaws or restated bylaws and all amendments to

14

them currently in effect; (3) any resolutions of PI, Inc. adopted by the Board of Directors creating one (1) or more classes or series of shares, and fixing their rights, preferences and limitations, if shares issued pursuant to those resolutions are outstanding; (4) the minutes of shareholders meetings for the past three years; (5) all written communications to shareholders generally within the past three years including any financial statements prepared for the past three years; (6) a list of the names and business addresses of PI, Inc.'s current directors and officers; and (7) PI, Inc.'s most recent annual report. This information only partially complies with the valid demand made by M. Melanie Beene, Jones C. Beene, IV and Allison Beene for information.

### OPPRESSIVE CONDUCT AND BREACH OF FIDUCIARY DUTY

50. As directors, officers, and majority shareholders of PI, Inc., James Jefferson Beene, II and Jones C. Beene owe fiduciary duties of good faith, fairness, and loyalty to PI, Inc. and to M. Melanie Beene, Jones C. Beene, IV and Allison Beene as shareholders of PI, Inc. In executing their responsibilities, James Jefferson Beene, II and Jones C. Beene are prohibited from acting out of avarice, expediency, or self-interest in derogation of their duties.

51. As fiduciaries, James Jefferson Beene, II and Jones C. Beene have a strong duty not to conduct the affairs of PI, Inc. to the unfair detriment to M. Melanie Beene, Jones C. Beene, IV and Allison Beene as minority shareholders holding legitimate interests in the corporation but lacking the power of the fiduciaries.

52. ***Dividends***. Since around 1978, M. Melanie Beene, Jones C. Beene, IV and Allison Beene have been receiving regular dividends from PI, Inc. For instance, M. Melanie Beene's tax returns show a fairly consistent dividend pattern of dividend payments from the corporation dating back to at least 1978 and totaling, through January 2009, over $60,000. However, since James Jefferson Beene, II and Jones C. Beene have exerted control over PI, Inc.

15

no dividends have been issued by the company. Upon information and belief, PI, Inc. has been profitable in each of the years comprising the Relevant Period and has adequate reserves. However, James Jefferson Beene, II and Jones C. Beene have refused to pay dividends to M. Melanie Beene, Jones C. Beene, IV and Allison Beene and to PI, Inc.'s other shareholders.

53. **_Excessive Salaries._** Upon information and belief, James Jefferson Beene, II and Jones C. Beene used their control of PI, Inc. to the detriment of M. Melanie Beene, Jones C. Beene, IV and Allison Beene, as shareholders of PI, Inc., to force payment of benefits to themselves in the form of excessive salaries and bonuses. While full information is not known because of PI, Inc.'s refusal to provide information, it is believed that the compensation paid to James Jefferson Beene, II and Jones C. Beene is excessive based on prevailing rates for similar experience and service.

54. **_Unauthorized Acquisitions._** PI, Inc., under the leadership of James Jefferson Beene, II and Jones C. Beene has also gone outside the plastics business, as set forth in the Charter, and acquired companies that are not authorized under the Charter. As set forth on PI, Inc.'s own website:

> PI's latest acquisition was both an unlikely and yet perfect choice in 2010: Knight Rifles (knightrifles.com), a premier brand of muzzleloading rifles and accessories for the hunting industry. Knight is a household name that is already seeing success in its first full year of business as a part of the PI family, and there is much more to come. PI is proud to continue the Knight brand and carry it into the future, especially as a product line that is 100% American made. [http://www.pi-inc.com/about-us/history (visited November 21, 2012.]

55. **_Self-Dealing._** Under the leadership of James Jefferson Beene, II and Jones C. Beene, PI, Inc. has also made a series of insider transactions with shareholders. For instance, the Audited Financials note: (1) "In fiscal year 2008, the Company sold two warehouse buildings to one of its shareholders. The Company intends to lease back these buildings until such time as all

production or materials housed are relocated to other facilities."; (2) "The Company has contracted with JR Contractors, LLC, which is wholly owned by several shareholders and members of management, to perform construction and demolition services."; (3) "The Company acquired fixed assets from JR Contractors, LLC…."; (4) The Company recorded sales … to JR Contractors, LLC…."; and (5) "The Company has notes receivable from certain shareholders and employees totaling $295,709 and $243,373 as of August 31, 2011 and 2010, respectively." While full information on these various transactions has been withheld from M. Melanie Beene, Jones C. Beene, IV and Allison Beene, the transactions demonstrate self-interest and self-dealing by James Jefferson Beene, II and Jones C. Beene.

56. ***Filing Suit***. James Jefferson Beene, II and Jones C. Beene filed the declaratory judgment lawsuit in the name of PI, Inc. This has the effect of allowing them, as majority shareholders, to use the funds and resources of PI, Inc. to prosecute this lawsuit against M. Melanie Beene, Jones C. Beene, IV and Allison Beene, which only benefits James Jefferson Beene, II and Jones C. Beene.

## COUNT ONE:
## VIOLATION OF TENNESSEE CODE
## ANNOTATED SECTION 48-26-101 ET SEQ.

57. Despite legal requests for information, PI, Inc. has refused to provide information to M. Melanie Beene, Jones C. Beene, IV and Allison Beene as shareholders of the corporation.

58. The information that PI, Inc. has refused to provide includes compensation information, and other accounting information relating to self-dealing, despite its obligation to provide such information under Tennessee law.

59. PI, Inc. has refused to provide to M. Melanie Beene, Jones C. Beene, IV and Allison Beene certain financial records concerning the operations of PI, Inc., despite the fact that

M. Melanie Beene, Jones C. Beene, IV and Allison Beene are entitled to inspect such records under Tennessee law.

60.     Pursuant to Tennessee Code Annotated Section 48-26-104, M. Melanie Beene, Jones C. Beene, IV and Allison Beene seek a court-ordered inspection and the award of the costs (including reasonable counsel fees) incurred.

## COUNT TWO:
## OPPRESSIVE CONDUCT AND
## BREACH OF FIDUCIARY DUTY

61.     Due to their oppressive and improper conduct, James Jefferson Beene, II and Jones C. Beene are in breach of their fiduciary duties to PI, Inc. and to its shareholders, including M. Melanie Beene, Jones C. Beene, IV and Allison Beene.

62.     Because of the closely-held nature of PI, Inc., the conduct of James Jefferson Beene, II and Jones C. Beene serves to unfairly deprive M. Melanie Beene, Jones C. Beene, IV and Allison Beene of the opportunity to participate in the business and denies them a fair return on their investments.

63.     M. Melanie Beene, Jones C. Beene, IV and Allison Beene seek affirmative relief compelling James Jefferson Beene, II and Jones C. Beene to immediately cease payment of such unreasonable and excessive salaries, and other self-dealing of James Jefferson Beene, II and Jones C. Beene.

64.     Upon information and belief, James Jefferson Beene, II and Jones C. Beene have engaged in improper self-dealing, insider transactions with PI, Inc. to the detriment of M. Melanie Beene, Jones C. Beene, IV and Allison Beene.  Such transactions include, without limitation, improper, below-market loans using company funds made to certain of PI Inc.'s officers and directors.

65.     M. Melanie Beene, Jones C. Beene, IV and Allison Beene seek affirmative relief enjoining James Jefferson Beene, II and Jones C. Beene from making further improper loans with PI, Inc.'s funds and/or any similarly improper insider transactions.

66.     M. Melanie Beene, Jones C. Beene, IV and Allison Beene have demanded that dividends be declared by the Board and distributed by PI, Inc., however, James Jefferson Beene, II and Jones C. Beene have failed and refused to declare dividends to PI, Inc.'s shareholders.

67.     M. Melanie Beene, Jones C. Beene, IV and Allison Beene seek affirmative relief compelling James Jefferson Beene, II and Jones C. Beene to declare and pay dividends to its Shareholders, including M. Melanie Beene, Jones C. Beene, IV and Allison Beene.

68.     As a direct and proximate result of the oppressive conduct of James Jefferson Beene, II and Jones C. Beene, the value of M. Melanie Beene's, Jones C. Beene, IV's and Allison Beene's interest in PI, Inc. has decreased substantially due to PI, Inc.'s refusal to pay dividends as it has in the past and to PI, Inc.'s diminished financial health resulting from the bad faith, insider transactions that have taken place between PI, Inc. and its own corporate officers and directors, as well as the excessive and unreasonable salaries taken by James Jefferson Beene, II and Jones C. Beene.

## PRAYER FOR RELIEF

**WHEREFORE**, M. Melanie Beene, Jones C. Beene, IV and Allison Beene respectfully request that a jury be impaneled to try all issues in this action so triable by a jury and to enter an Order:

(a)     declaring that James Jefferson Beene, II and Jones C. Beene have engaged in oppressive conduct in breach of their fiduciary duties; and

(b)     judicially dissolving PI, Inc. or providing equivalent affirmative relief as this Court deems appropriate, including without limitation, a required declaration of a dividend or a reduction and distribution of capital; a declaration requiring PI, Inc. or a majority of its stockholders to purchase M. Melanie Beene's, Jones C. Beene, IV's and Allison Beene's stock at a fair and reasonable price; and/or an award of damages to M. Melanie Beene, Jones C. Beene, IV and Allison Beene as compensation for injuries suffered as a result of the oppressive conduct; and

(c)     preliminary and permanent injunctive relief;

(d)     awarding M. Melanie Beene, Jones C. Beene, IV and Allison Beene the court costs and reasonable attorney's fees incurred in this action; and

(e)     awarding such other and further relief as this Court may deem just and proper.

DATED:  November 21, 2012.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC


By: /s/ Clinton P. Sanko
Clinton P. Sanko (BPR # 023354)
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN  37450-1800
Telephone: (423) 209-4168
Facsimile:  (423) 752-9580
E-mail:  csanko@bakerdonelson.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Brian C. Quist
Joanna R. O'Hagan
Jenkins & Jenkins Attorneys, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929-2121

*Attorneys for Plaintiff*

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: s/Clinton P. Sanko
_____
Clinton P. Sanko, BPR No. 023354