UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PI, INC., | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:12-cv-350 |
| M. MELANIE BEENE, JONES C. BEENE, IV, and F. ALLISON BEENE, | ) District Judge Harry S. Mattice, Jr. |
| | ) Magistrate Judge Susan K. Lee |
|     Defendants and Third-Party Plaintiffs, | ) |
| | ) JURY DEMAND |
| v. | ) |
| JAMES JEFFERSON BEENE, II and JONES C. BEENE, | ) |
|     Third-Party Defendants. | ) |

## DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following Discovery Plan.

1. Disclosures

The parties will serve their initial disclosures 14 days after the filing of this discovery plan. No changes in the timing, form, or requirement for disclosures will be made.

2. Settlement

The parties have discussed the possibilities relating to settlement of this matter, both in terms of a procedure for settlement and possible terms. At this time, the parties believe that the settlement prospects in this case are reasonably likely.

632721

1

3. Trial

The parties believe that this case will take approximately two (2) to four (4) days to try, depending on the extent of discovery.

4. Discovery

The parties have discussed discovery topics. PI, Inc., James Jefferson Beene, II and Jones C. Beene expect to take discovery on issues including but not limited to the existence (or non-existence) of any agreements with M. Melanie Beene, Jones C. Beene, IV, and/or F. Allison Beene (the "Shareholders") which would create an obligation by PI, Inc. to purchase, buyback or otherwise take possession of the Shareholders' stock or to pay the Shareholders any dividends, any issue pertaining to the Complaint; any issue pertaining to the Counter-complaint; any issue discoverable under Rule 26; and any matter to be used for impeachment.

The Shareholders intend to take discovery on issues including but not limited to the following topics: (a) redemption of any stock by PI; (b) the compensation, benefits, reimbursement, or any other payments made to James Jefferson Beene, II and Jones C. Beene, and other officers and directors of PI, Inc.; (c) any insider transactions between any company owned, in whole or in part, by James Jefferson Beene, II and Jones C. Beene, or any other shareholder or employee of PI, Inc. and PI, Inc.; (d) the value of PI, Inc. and its stock; (e) PI, Inc.'s ability to pay dividends; (f) any insider transactions between any officer or director of PI, Inc. with PI, Inc.; (g) any financial gain by James Jefferson Beene, II and Jones C. Beene received from PI, Inc. (directly or indirectly) and/or the operation of PI, Inc. to benefit James Jefferson Beene, II and Jones C. Beene (directly or indirectly); (h) any banking accounts, including transactions in the last four years and balances, and including all accounts in the

Cayman Islands, into which PI, its officers, or subsidiaries have contributed or used, whether as self-insurance plans and accounts used for other purposes into which PI, its officers, or subsidiaries have transferred funds; (i) the payments, contracts, transfers of assets, cash transactions and other considerations and entitlements made to Sophia D. Beene, mother of James Jefferson Beene, II and Jones C. Beene; (j) all real estate transfers or other dealings and encumbrances of PI its officers or subsidiaries; and (k) any issue pertaining to the Complaint, any issue pertaining to the Counter-complaint, any issue discoverable under Rule 26, and any matter to be used for impeachment.

5. Electronically Stored Information

Electronically stored information ("ESI") will be produced in the form preferred by the requesting party and as allowed by Fed. R. Civ. P. 26. The Shareholders have requested that all ESI be produced in its native form with all metadata included. The Shareholders expect that a significant amount of data will be structured data that exists in accounting and other databases, and will work with counsel for PI, Inc. to receive reports and other information in a way that will expedite discovery and minimize the burdens of it.

6. Magistrate Judge Consent

The counsel for the parties have conferred with their clients regarding the availability of the Magistrate Judge to hear this case. At this time, the parties do not consent to have this matter heard by the Magistrate Judge.

7. Privileges

If materials requested in discovery are subject to a privilege, then the submitting party shall develop and produce an appropriate privilege log, identifying the document in reasonable

632721

3

detail along with the basis for privilege. The parties do not believe that there are any particularly complex or unique privilege matters in this case.

8. <u>Limitations on Discovery</u>

No changes in the limitations on discovery will be made.

9. <u>Additional Orders</u>

Plaintiff/Counter-defendant PI will be requesting the entry of a protective order as to its confidential business information that may be produced in by it in discovery. The Parties anticipate reaching agreement on the content of such an order.

DATED: February 5, 2013.

By: /s/ Joanna R. O'Hagan
Brian C. Quist, TN BPR #012762
Joanna R. O'Hagan, TN BPR #025616
Jenkins & Jenkins Attorneys, PLLC
  2121 First Tennessee Plaza
  Knoxville, TN 37929-2121
(865) 524-1873
bcquist@j-jlaw.com
johagan@j-jlaw.com
*Attorneys for PI, Inc. and James Jefferson Beene, II and Jones Beene*

By: /s/ Clinton P. Sanko
Clinton P. Sanko, TN BPR # 023354
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
(423) 209-4168
csanko@bakerdonelson.com
*Attorneys for M. Melanie Beene, Jones C. Beene, IV, and F. Allison Beene*

632721

4