UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PI, INC., ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | Case No. l:12-cv-350 |
| M. MELANIE BEENE, JONES C. BEENE ) | |
| IV AND F. ALLISON BEENE, ) | District Judge Harry S. Mattice, |
| ) | |
| Defendants and Third-Party ) | Magistrate Judge Susan K. Lee |
| ) | |
|     Plaintiffs, ) | |
| v. ) | |
| JAMES JEFFERSON BEENE, II AND ) | |
| JONES C. BEENE, ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM IN SUPPORT OF
## PI'S MOTION FOR PARTIAL VOLUNTARY DISMISSAL

Comes PI, Inc. (hereafter "PI"), and in support of its motion made pursuant to Fed. R. Civ. P. 41(a)(2), for a partial dismissal of one of its claims, submits the following memorandum.

### I. INTRODUCTION

In its Original Complaint [Doc. 1-1] filed against M. Melanie Beene, Jones C. Beene, IV, and F. Allison Beene ("Defendants"), PI sought declaratory judgment on three (3) issues as follows:

    1.    As to any obligation of the Corporation (PI) to pay dividends to Defendants;

1

2. As to any obligation of the Corporation (PI) to buy the shares of Defendants; and

3) Whether the officers and directors of PI have breached their fiduciary duties owed PI.

The origin for this suit is as was explained in the Motion. Additionally, the Motion sets forth PI's reasons for requesting permission to drop one of its claims for relief against Defendants.

## II. STANDARD FOR REVIEW

Fed. R. Civ. P. 41(a)(2) provides,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P 41(a)(2). Case law provides the following guidance:

> Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Banque de Depots v. National Bank of Detroit*, 491 F. 2d 753, 757 (6th Cir. 1974). "Ordinarily voluntary dismissal without prejudice should be granted unless the defendant shows that a dismissal will result in plain legal prejudice." *Rouse v. Caruso*, No. CIV-06-10961, 2007 U. S. Dist. LEXIS 20727, 2007 WL 909600,*3 (E. D. Mich. Mar. 23, 2007)(citing *Grover*, 33 F. 3d at 718). "The mere prospect of a second lawsuit does not constitute prejudice." Id. (citing *Grover*, 33 F. 3d at 718). The fact that the plaintiff may also gain some tactical [*9] advantage as the result of a voluntary dismissal without prejudice does not constitute prejudice. Id. (citing *Quad/Graphics v. Fass*, 724 F. 2d 1230, 1233 (7th Cir. 1983)).

2

*Matthews v. Tennessee Board of Probation and Parole*, 2008 U.S. Dist. LEXIS 50011, p. 3.

### III. DISCUSSION

It is not an unreasonable litigation strategy for PI to devote its trial energies upon the claims it deems most important: (1) whether PI is required to pay dividends and (2) whether PI is required to by Defendants' shares. It is not unreasonable that a Plaintiff be allowed to drop one of its claims and take up the court's time with fewer issues.

As mentioned in the Motion, PI does not intend to re-file a suit on the issue separately at another time.

Also as mentioned in the Motion, being allowed to sue Defendants for fewer claims will not cause Defendants to suffer plain legal prejudice because all of their efforts in this litigation appear related to proving breach of fiduciary duty in support of their Counterclaim and Third-party claims. No trial preparation by Defendants would appear wasted.

### III. CONCLUSION

Wherefore, for good cause shown, PI request that its motion be granted.

Submitted this 18th day of February, 2014.

/s/ Brian C. Quist
_____
Brian C. Quist
Joanna R. O'Hagan
Quist, Cone & Fisher, PLLC
  2121 First Tennessee Plaza
  Knoxville, TN 37929-2121
(865) 524-1873
bcquist@QCFlaw.com
johagan@QCFlaw.com
Attorneys for PI, Inc., James Jefferson
Beene, II, and Jones C. Beene

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.


By: /s/ Brian C. Quist _____