UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PI, INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. l:12-cv-350 |
| M. MELANIE BEENE, JONES C. BEENE ) | |
| IV AND F. ALLISON BEENE, ) | District Judge Harry S. Mattice, |
| ) | |
| Defendants and Third-Party ) | Magistrate Judge Susan K. Lee |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| JAMES JEFFERSON BEENE, II AND ) | |
| JONES C. BEENE, ) | |
| ) | |
| Third-Party Defendants. ) | |

### MEMORANDUM IN SUPPORT OF PI AND
### THIRD-PARTY DEFENDATNS' MOTION FOR PROTECTIVE ORDER

Comes PI, Inc. and Third-Party Defendants, James Jefferson Beene, II and Jones C. Beene (hereinafter, collectively "Moving Parties"), by their undersigned attorneys, and submit this Memorandum in Support of their Motion for Protective Order [Doc. 60].

**I.  BACKGROUND**

As set forth in the Motion, Defendants have served no less than 443 interrogatories, as Moving Parties count, and have served, or attempted to serve, approximately 172 document requests. As set forth in the Responses to the Discovery served, Attachment 1 through Attachment 7 filed with the Motion, Moving Parties have stated their objections and have agreed, without waiving those objections, to respond to 162 Interrogatories and have furnished volumes of documents. In spite of Moving

1

Parties' very reasonable position, i.e. providing significant response, as well as Moving Parties' very reasonable efforts, Defendants will never let written discovery come to an end. Defendants continue to demand that Moving Parties expend additional effort, and expense, to provide some last minutia of discovery response not because it will provide additional evidence, but in an effort to disparage Moving Parties and, most especially, their counsel. In short, the remaining demands of Defendants are vastly disproportionate to the viable issues in the case, and Moving Parties seek a Protective Order to, in effect, declare Moving Parties have done enough.

## II.  LEGAL STANDARD

1.  <u>Discovery Abuse, Generally</u>

The Federal Rules of Civil Procedure give the Court the power to stop discovery abuses. Fed. R. Civ. P. 26 (b) (2) (C) specifies that court <u>must</u> limit the frequency or extent of discovery to prevent discovery abuses. The rule provides:

> On Motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i)  the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy,  the parties resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Further, Fed. R. Civ. P. 26(c)(1) provides, in pertinent part,

2

Case 1:12-cv-00350-HSM-SKL   Document 61   Filed 02/19/14   Page 2 of 6   PageID #: 1635

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ….. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery ….

2. Limits on Interrogatories

Fed. R. Civ. P. limits the number of interrogatories that may be served to 25. Fed. Rule Civ. P. 33(a)(1).

3. Proportionality

Discovery must be proportionate to the issued involved. See Fed. R. Civ. P. 26(b)(2)(C)(iii).

III. **VIABLE ISSUES for COUNTER PLAINTIFFS AND THIRD-PARTY PLAINTIFFS**

As re-iterated in Defendants' Memorandum in Support of its Motion to Compel [Doc. 51], the vast bulk of Defendants' requests for information pertain to their purported individual causes of action against Third Party Defendants for breach of fiduciary duty and something called shareholder oppression. However, these are not recognized, viable causes of action for these Parties in Tennessee.

Defendants do not have standing to bring suit for director and officer breach of fiduciary duty. That cause of action belongs to the Corporation, PI, not individual shareholders. *State of Tennessee v. Allstadt*, 61 S.W. 2d, 473, 475 (Tenn. 1933). Tennessee statute provides a mechanism for a shareholder to bring a derivative action to

3

redress such a claimed wrong, should the corporation decline to do so (See T. C. A § 48-17-401), but Defendants' Third-party complaint is not one for derivative action.

Defendants' principal causes of action, breach of <u>shareholder</u> fiduciary duty and shareholder oppression, sound impressive, but are not viable, independent causes of action for which relief may be stated. That is, while those terms do appear in case law, the terms are presented in the context of causes of action that <u>are</u> recognized involving corporations, like suit for statutory dissolution (*Cochran v. L. V. R. & R. C., Inc.,* 2005 Tenn. App. LEXIS 581) and derivative action by shareholder (*Kovacs-Whaley v. Wellness Solutions, Inc.,* 2012 Tenn. App. LEXIS 175). Thus, there is no independent cause of action that Defendants, as shareholders in a corporation, can bring under those labels, as interesting as they are.

In opposition to PI's motion for Partial Summary Judgment, Defendants set forth in their opposition brief [Doc. 41] the case that supports their position, which is *Cochran, supra*. As mentioned in PI's reply Brief [Doc. 43], and again herein, *Cochran* stands for the proposition that there exists implied statutory remedies under the corporate Judicial Dissolution Statute and not for the existence of an independent common law cause of action.

In *Cochran*, Plaintiff Terri Cochran brought suit under Tennessee's Judicial Dissolution Statute, T. C. A. 48-24-301, seeking the statutory remedy; i. e. dissolution of a corporation referred to at the 'The Home Place" in which she was a minority shareholder. The Judicial Dissolution Statute provides for just one "end" remedy, and

4

that is dissolution.[1] *Cochran,* nonetheless, does appear to stand for the proposition that when a shareholder brings an action for judicial dissolution under the statue, there exists an array of implied remedies, not mentioned or contemplated by the statute, for things such as the forced payment of dividends and/or buying shares. However, Defendants did not sue PI under the Judicial Dissolution Statute, as to do so would have required Defendants to cite the statute, make claim against PI, and post the requisite bond. That is, to proceed under the Judicial Dissolution Statute, the following bond is required:

> In a proceeding for dissolution under §48-24-301(2), the petitioner shall execute and file in the proceeding a bond, with sufficient surety, to cover the defendant's probable costs, including reasonable attorney's fees, in defending the petition. The court shall determine the amount of the bond and may award to any party its reasonable costs, including attorney's fees, if it finds for such a party in a proceeding under § 48-24-301.

T. C. A. §48-24-302(d). This bond requirement was imposed upon Plaintiff Cochran. See *Cochran, supra*, 2005 Tenn. App. LEXIS 581 [P. 5].

## IV. CONCLUSION

The vast bulk of Defendants' entire discovery goes to purported claims of questionable viability. The claim viability issue is raised in the context of this Motion and Brief for Protective Order to demonstrate, in advance that Defendants' Response, that Defendants' insatiable need for continued discovery is misplaced. See Defendants' Second Motion to Compel [Doc. 50] and Brief [Doc. 51].

WHEREFORE Moving Parties request that their motion for Protective Order be granted.

---

[1] T. C. A. §48-24-302(c) does provide for "interim" remedies such as injunctive relief pending a hearing, etc.

Submitted this _19th __ day of February, 2014.

                                   */s/ Brian C. Quist*
                                   _____
                                   Brian C. Quist
                                   Joanna R. O'Hagan
                                   Quist, Cone & Fisher, PLLC
                                     2121 First Tennessee Plaza
                                     Knoxville, TN 37929-2121
                                   (865) 524-1873
                                   bcquist@QCFlaw.com
                                   johagan@QCFlaw.com
                                   Attorneys for PI, Inc., James Jefferson
                                   Beene, II, and Jones C. Beene

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 19, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                   By: /s/ Brian C. Quist _____

6