| | |
|---|---|
| PI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. l:12-cv-350 |
| M. MELANIE BEENE, JONES C. BEENE, ) | |
| IV AND F. ALLISON BEENE, ) | Judge Harry S. Mattice, Jr. |
| ) | |
| Defendants and Third-Party ) | Magistrate Judge Susan K. Lee |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES JEFFERSON BEENE, II AND ) | |
| JONES C. BEENE, ) | |
| ) | |
| Third-Party Defendants. ) | |

### AMENDED RESPONSE OF PI, INC., JAMES JEFFERSON BEENE, II, AND JONES BEENE TO DEFENDANTS' MOTION [68] TO FILE DOCUMENTS UNDER SEAL

Comes now PI, Inc. James Jefferson Beene, II, and Jones Beene (hereafter "Responding Parties"), pursuant to the Court's Order [Doc. 76], and file this Amended Response to Defendants' Motion to file Documents under Seal [Doc. 68].

Responding Parties Agree to the Motion and Request that it be granted. For Cause Responding Parties would Show:

1. General Response. PI is a privately owned, and not-publically traded corporation. PI is in a competitive industry. The details and secrets of its inner-workings and financial position are not made public. PI takes vigilant steps to keep its business

1

and private affairs private. PI's business and financial affairs are not available to the public

 1. Proposed Exhibit A to Defendants' Memorandum [Doc. 67] are the Interrogatories and Second Request for Production of Documents served on PI [67-1]. The interrogatories cite private financial information of PI and Third-party Defendants including ownership, executive compensation, and other expenditures. For example, Int. no. 2 references stock issued, Int. no. 3 references a confidential settlement agreement, Ints. 6, 8 and 9 reference specific bonuses, Int. 14 references specific charitable contributions, Int. 19 references specific compensation paid, etc. PI's management compensation is not made public and PI takes steps to preserve it as confidential. Having a competitor glean insight into (1) PI's management compensation structure (2) expenditures (3) capabilities, and (3) limitations would be damaging to PI and Third-party defendants.

 2. Proposed Exhibit B to Defendants' Memorandum [Doc. 67] are Interrogatories and Second Request for Production of Documents served on James Jefferson Beene, II [Doc. 67-2]. The interrogatories cite private financial information of PI and Third-party Defendants including ownership, executive compensation, and other expenditures. For example, Int. 8 references specific ownership, Int. no. 10 references specific compensation, Ints. 13 and 15 reference specific expenditures, PI's management compensation is not made public and PI takes steps to preserve it as confidential. Having a competitor glean insight into (1) PI's management compensation

structure (2) expenditures (3) capabilities, and (3) limitations would be damaging to PI and Third-party defendants.

3.  Proposed Exhibit C to Defendants' Memorandum [Doc. 67] are Interrogatories and Second Request for Production of Documents served on Jones Beene. [Doc. 67-3]. The interrogatories cite private financial information of PI and Third-party Defendants including executive compensation and other expenditures. These interrogatories are similar in kind to those referenced above. PI's management compensation is not made public and PI takes steps to preserve it as confidential. Having a competitor glean insight into (1) PI's management compensation structure (2) expenditures (3) capabilities, and (3) limitations would be damaging to PI and Third-party defendants.

4.  Proposed Exhibit D to Defendants' Memorandum [Doc. 67] is a letter containing a dialogue between counsel that reveals private business information concerning the inner workings of PI and its expenditures. For example its board of directors at par. 2(a), executive bonuses at 2(b) and (d), and criteria for charitable contributions at par 2(f), expenditures at par. 2 (g) and (h), and dividends at par. 2(j). The Answers address private financial information such as executive compensation and other company expenditures. PI's management compensation is not made public and PI takes steps to preserve it as confidential. Having a competitor glean insight into (1) PI's management compensation structure (2) expenditures (3) capabilities, and (3) limitations would be damaging to PI and Third-party defendants.

3

Case 1:12-cv-00350-HSM-SKL   Document 83   Filed 03/14/14   Page 3 of 4   PageID #: 1861

WHEREFORE for cause shown, Responding Parties request that the motion to file documents under seal [Doc. 68] be granted.

Submitted this _14th day of March, 2014.

*/s/ Brian C. Quist*
_____
Brian C. Quist (BPR #012762)
Joanna R. O'Hagan (BPR #025616)
QUIST, CONE & FISHER, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929
(865) 524.1873
bcquist@QCFlaw.com
johagan@QCFlaw.com

Attorneys for PI, Inc. and James Jefferson Beene, II and Jones C. Beene

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **14th day of March 2014**, a copy of the foregoing Document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**/s/ Brian C. Quist**
Brian C. Quist (BPR #012762)