UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| PI, INC., | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M. MELANIE BEENE, *et al.*, | ) | |
| | ) | |
|     *Defendants and Third-Party Plaintiffs*, | ) | No. 1:12-cv-350-HSM-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JEFFERSON BEENE, II, *et al.*, | ) | |
| | ) | |
|     *Third-Party Defendants*. | ) | |

**ORDER**

Before the Court are two motions by Defendants/Third-Party Plaintiffs ("Minority Shareholders") for leave to file documents under seal [Docs. 52 & 68] and a motion for protective order [Doc. 60] filed by Plaintiff/Third-Party Defendants (collectively, "PI Parties"). These motions will be addressed in turn.

**I.    MOTIONS TO SEAL**

Regarding the Minority Shareholders' motions to seal, the PI Parties have filed responses in support of sealing the documents [Docs. 82 & 83]. The Minority Shareholders have not filed any reply, and this matter is now ripe for adjudication. In the motions to seal, the Minority Shareholders seek to seal documents to remain in compliance with the agreed protective order in this case. Compliance with an agreed protective order is not, on its own, a sufficient reason for the Court to seal a filing from the public.

There is "'a long-established legal tradition' which values public access to court

proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Rule 26(c) of the Federal Rules of Civil Procedure allows court papers to be sealed "only for 'good cause shown' to the Court that the particular documents justify court-imposed secrecy." *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F.Supp.2d 743, 745 (E.D. Mich. 2001) (quoting *Bankers Trust*, 78 F.3d at 227). The party who wishes to seal the documents bears the burden of showing that "disclosure of the information will result in some sort of serious competitive or financial harm." *Id.* (citations omitted).

In their responses to the motions to seal, the PI Parties argue that the documents should be sealed because PI is a privately-held corporation in a competitive industry, and the disclosure of these documents would cause PI competitive and financial harm. [Doc. 82 at Page ID # 1855-56; Doc. 83 at Page ID # 1859-61]. The PI Parties specifically argue that information regarding the company's information technology capabilities and limitations, financial strengths and weaknesses, ownership and compensation structure, and other private business information concerning the inner workings of PI would be damaging to PI's business if this information was made public. [*Id.*].

Given the PI Parties' explanation as to why each document should be sealed, it appears that the public release of such information may cause competitive or financial harm to PI. Accordingly, the two motions to seal [Docs. 52 & 68] will be **GRANTED.** While the Court has allowed the documents to be filed under seal for purposes of addressing motions related to the discovery phase of the case, this ruling does not address whether such records should be sealed in reference to any future filings or use at trial.

2

## II. MOTION FOR PROTECTIVE ORDER

The Minority Shareholders filed a response [Doc. 67] in opposition to the PI Parties' motion for protective order. The PI Parties filed a timely reply [Doc. 71]. An extensive hearing was held on March 3, 2014, during which the parties agreed it might not be necessary to address the protective order further. Thus, the Court reserved ruling on the PI Parties' motion for protective order [Doc. 76]. As the discovery period has since closed, apparently without the need to further address the motion, the motion for protective order [Doc. 60] will now be **DENIED AS MOOT**.

## III. CONCLUSION

For the reasons explained above, both of the Minority Shareholders' motions to seal [Docs. 52 & 68] are hereby **GRANTED**. The Clerk is **DIRECTED** to seal the proposed sealed documents [Docs. 56 & 69]. Furthermore, the PI Parties' motion for protective order [Doc. 60] is hereby **DENIED AS MOOT**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE