# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| PI, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **Case No. l:12-cv-350** |
| M. MELANIE BEENE, JONES C. BEENE, | ) | |
| IV AND F. ALLISON BEENE, | ) | **Judge Harry S. Mattice, Jr.** |
| | ) | |
| **Defendants and Third-Party** | ) | **Magistrate Judge Susan K. Lee** |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JEFFERSON BEENE, II AND | ) | |
| JONES C. BEENE, | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

## THIRD-PARTY DEFENDANTS' MEMORANDUM
## IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL OF THE
## AMENDED THIRD-PARTY COMPLAINT

Come now Third-Party Defendants James Jefferson Beene, II ("**Jeff Beene, II**), and

Jones Beene (collectively "**Moving Parties**"), and submit this Memorandum in Support of

their Motion for Partial Dismissal of the Amended Third-party Complaint [Doc. 63], Page

ID #1642 - #1660, filed against them on February 20, 2014, by Defendants M. Melanie

Beene, Jones C. Beene, IV, and F. Allison Beene (hereinafter "**Shareholders**") as follows.

For convenient reference, this Brief is broken down in to the following contents:

1

I.      INTRODUCTION – SUMMARY ARGUMENT ...............................................2

II.     STANDARD FOR REVIEW – APPLICABLE LAW ......................................3

III.    NEW or SIGNIFICANT ISSUES PRESENTED ..............................................4

IV.     ROLES OF THE CORPORATE PARTICIPANTS ..........................................4

V.      OPPRESSIVE CONDUCT ................................................................................5

VI.     BREACH OF FIDUCIARY DUTY ................................................................13

VII.    DISCUSSION OF THE REMEDIES DEMANDED BY SHAREHOLDERS 21

VIII.   OTHER AVAILABLE CAUSES OF ACTION...............................................24

IX.     CONCLUSION ................................................................................................25

## I.      INTRODUCTION – SUMMARY ARGUMENT

### A.      Count I – Oppressive Conduct and Breach of Fiduciary Duty

1.      Oppressive Conduct

Count I of the Amended Counterclaim /Third-party Complaint ([Doc. 63, pp. 13 - 15], Page ID #1654 - #1656), at least by its title, appears to assert two (2) causes of action, namely (1) Oppressive Conduct and (2) Breach of Fiduciary Duty.  It is the position of Moving Parties that there is no separate, independent cause of action for something called "oppressive conduct" under Tennessee law, and to the extent such cause of action is being pled, it should be dismissed for failure to state a claim for which relief may be granted.

2.      Breach of Fiduciary Duty

Breach of fiduciary duty is a recognized cause of action under Tennessee law, yet one must have standing to assert it and also plead the necessary facts.  It is the position of

2

Moving Parties that Shareholders' claim for breach of fiduciary duty at Count I fails to state a claim against them for which relief may be granted and should be dismissed.

### B. Count III – Attorneys Fees pursuant to T. C. A. § 48-26-104(c).

Shareholders' cause of action under the corporate records inspections statute and claim at Count III ([Doc. 63, p. 16], Page ID #1657) for attorney's fees is only actionable against PI, Inc. (hereafter "PI") the corporation, and not also against its shareholders, directors, and officers. As such, Shareholders' claim at Count III fails to state a claim for which relief may be granted against Moving Parties and should be dismissed.

### II. STANDARD FOR REVIEW - APPLICABLE LAW

Fed. R. Civ. P. 12(h)(2)(B) allows a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted to be made as a Rule 12(c) motion for Judgment on the Pleadings. The Sixth Circuit has determined that "[t]o survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To that end, under a Rule 12 analysis, "[a]ll facts in the complaint must be accepted as true." *Courie v. Alcoa Wheel & Forged Prods.* 577 F.3d 625, 629 (6th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In this diversity action, substantive state law, in this case Tennessee law, applies. *Bock v. Univ. of Tenn. Med. Group, Inc.*, 2012 U.S. App. LEXIS 6245, 2012. citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965).

### III.    NEW or SIGNIFICANT ISSUES PRESENTED

New or significant issues under Tennessee law presented by this motion are generally:

### A.    Oppressive Conduct

Does a minority shareholder in a corporation have a common law cause of action against a majority shareholder for something called "oppressive conduct?" If so, what are the elements of that cause of action and the remedies?

### B.    Majority Shareholder Duties Other than Voting

While a majority shareholder owes a fiduciary duty to a minority shareholder, since the only thing shareholders of a corporation do is vote, is a majority shareholder's fiduciary duty owed a minority shareholder then limited to just the context of voting?

### C.    Director and Officer Fiduciary Duties

What duties do corporate directors and officers owe directly to a minority shareholder that would allow standing by the minority shareholder to bring a direct suit against those directors and officers? For alleged breach of such duties, what remedies does the law provide to the minority shareholder for recovery against the directors and officers?

### D.    Corporate Records Statute

Are majority shareholders, directors, and officers of a corporation personally liable to a minority shareholder for clams of attorneys fees pursuant to T. C. A. §48-26-104(c)?

### IV.    ROLES OF THE CORPORATE PARTICIPANTS

In the context of PI, Jeff Beene, II and Jones Beene have three (3) separate and distinct roles: shareholder, director, and officer. For purposes of this lawsuit, whatever duty

4

Jeff Beene, II, and Jones Beene would owe Shareholders would exist in the context of one of these roles.

The only active role (i.e. the choice to do, or not do something) of a shareholder in a Tennessee corporation is to vote, to the extent the shareholder owns voting shares. See, generally, T.C.A. §14-17-101 *et. seq.* The Tennessee corporations statute is silent about what duties, if any, one shareholder owes to another shareholder. To the extent Tennessee common law imposes duties on shareholders, since the only active role a shareholder has is to vote, the context of any common law duty imposed upon shareholders would be in the context of their role of deciding to vote, or not vote, for something.

Directors are elected by the shareholders (T. C. A. §48-18-103(d)). Like shareholders, directors of a corporation actually only just vote. See, generally, T. C. A. §48-18-201, *et. seq.* Directors vote for officers (T. C. A. §48-18-401(a)) and on resolutions for the officers to carry out various tasks or policy. Duties directors would owe would be in the context of voting, or not voting.

Officers, on the other hand, take action to run the company. Duties officers would owe are in the context of their actions taken, or not taken.

## V.    OPPRESSIVE CONDUCT

Under Tennessee Law, the phrase "oppressive conduct" <u>does</u> <u>not</u> appear to describe a separate, independent tort with distinct remedies. Rather, "oppressive conduct," in the corporations context, appears limited to being just a description of alleged conduct otherwise giving rise to the recognized remedy of judicial dissolution.

In response to a couple of motions filed in this case, Shareholders have had occasion to provide case law to support their theories. See Response to PI's First Motion for Partial Summary Judgment, [Doc. 41], Page ID #419 - #434 and Response in Opposition to the Motion for Protective Order, [Doc. 67], Page ID #1681 - #1692. Accordingly, the case law cited by Shareholders in these briefs serves as the best starting point for examination as to whether there is a recognized separate, independent tort of shareholder "oppressive conduct" that may be asserted by minority shareholders against majority shareholders. Each Response Brief and the cases cited by Shareholders therein are now discussed.

**A.    Response to the Prior PI Motion for Summary Judgment**

1.    *Cochran v. L.V.R. & R. C. Inc.*

In support of their theories regarding oppressive conduct, Shareholders principally rely upon the case of *Cochran v. L.V.R. & R.C., Inc.*, 2005 Tenn. App. LEXIS 581. Response Brief, [Doc. 41, pp. 9 - 12], Page ID #427 - #430. *Cochran* is a case that certainly does discuss majority shareholder "oppressive conduct." However, *Cochran* was a suit for statutory judicial dissolution (*Cochran, supra,* at p. 1), a recognized cause of action. Thus, *Cochran* stands for the proposition that majority shareholder "oppressive conduct" can be a basis for judicial dissolution. *Cochran* does not stand for the proposition that there exists, under Tennessee law, a separate, independent tort of shareholder "oppressive conduct."

2.    *Cambio Health Solutions, LLC v. Reardon*

Shareholders cite *Cambio Health Solutions, LLC v. Reardon*, 213 S. W. 3d 785 (Tenn. 2006) for the proposition that, "Tennessee law protects minority shareholders from

majority shareholders." Response Brief, [Doc. 41, p. 9], Page ID #427. While that quote does appear in *Cambio* at page 788, *Cambio* was a suit by an employee against a corporate employer for breach of contract and against the employer's parent corporation for intentional interference with a contract. *Cambio, supra*, at p. 786. The issue on appeal was:

> Whether a parent company's qualified privilege to cause a wholly-owned subsidiary to breach a contract incurred tort liability applies when the parent company only has a majority interest in the subsidiary.

*Id.* at p. 787. In finding that that qualified privilege does not apply, the court discussed the fact that a parent corporation and its subsidiary do not automatically share an identity of interest when the subsidiary is not wholly owned because the interest of the majority shareholder is often different from, and antagonistic to, the interest of the minority shareholders. *Id.* at. 788. In summary, the above quote of Tennessee law protecting minority shareholders does appear in *Cambio*. However, *Cambio* does not demonstrate the existence of a separate, independent tort of shareholder "oppressive conduct."

    3.   <u>*Nelms v. Weaver*</u>

Shareholder's Response Brief also mentions *Nelms v. Weaver*, 681 S. W. 2d 547 (Tenn. 1984). Response Brief, [Doc. 41, p. 9], Page ID #427. In that case, Plaintiffs Paul Nelms and Nancy Wilson brought a declaratory judgment action seeking to declare that stock certificates in Security Bank & Trust Company (the Bank) held by them were validly and properly issued to Nancy Wilson. *Nelms, supra,* at p. 548. The case does mention that under Tennessee law, majority stockholders owe a fiduciary duty toward minority stockholders. *Id.* at p. 548. However, the case, as mentioned, was premised on

interpretation of a buy-sell agreement and a corporate resolution. The case was not a cause of action for oppressive conduct.

    4.    *Nelson v. Martin*

Shareholders also mention *Nelson v. Martin* 958 S.W.2d 643 (Tenn. 1997) to support their theories. Response Brief, [Doc. 41, p. 9], Page ID # 427. In that case, the Plaintiff was a shareholder, officer, director, and employee of a closely held corporation. *Nelson, supra,* at p. 644. The Plaintiff sued the defendants, who were also shareholders, officers, directors and employees of the same company, after he was terminated from the company following a dispute involving customer accounts. *Id*. The Plaintiff sought to recover under four theories: (1) wrongful termination of employment, (2) interference with prospective economic advantage, (3) wrongfully procurement of the breach of a contract of employment in violation of T.C.A. §47-50-109, and (4) breach of fiduciary duty. *Id*., at 645.

This case does discuss that under Tennessee law, majority shareholders owe a fiduciary duty to minority shareholders. *Id*., at 647. However, the case does not stand for the proposition that an independent common law action exists for a minority shareholder to sue a majority shareholder for oppressive conduct.

    **B.**    **Response to the Prior PI Motion for Protective Order**

In Shareholders' Response Brief to PI's Motion for Protective Order, [Doc. 67], Page ID #1681 - #1687, Shareholders cite to seven (7) cases in their Response Brief at [Doc. 67], Page ID #1681 as follows:

1.     *In re Del-Met Corp.*

Shareholders cite to *In re Del-Met Corp.*, 322 B.R. 781 (Bank. M. D. Tenn. 2005). Response Brief [Doc. 67, p.2], Page ID #1682.   This matter concerned an adversary proceeding in bankruptcy court brought by the trustee against Michael Buerger, the 100% owner of two chapter 7 corporate debtors and various other defendants.  The adversary proceeding was for the avoidance and return of preferential payments and fraudulent transfers, equitable subordination, and damages.  *Del-Met, supra,* at p. 2.  Counts 5 and 10 of the First amended Complaint alleged a cause of action for breach of fiduciary duty against Buerger.  *Id.* at p. 15.   Specifically, Buerger was accused of various self-dealing transactions that were alleged to have injured the corporation.  The matter before the court was defendants' motion to dismiss.  As to the Count 5 and Count 10 issues, defendants challenged the sufficiency of the claims as well as standing of the trustee.

In denying the motion to dismiss as to these issues raised, the bankruptcy court affirmed that under Tennessee law, officers and directors owe fiduciary duties to the corporation.  *Id.* at p. 23.  The court also affirmed the trustee had standing to bring a claim for breach of fiduciary duty.

> Actions for breach of fiduciary duty … accrue to the corporation itself because fiduciary duties are owed to the corporation and it is the corporation that suffers injury when fiduciary duties are breached.  See, e.g. *Pepper v. Litton*, 308 U. S. 295, 307, 60 S. Ct. 238, 84 L. Ed. 281 (1939)("While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee."); *Keene Corp. v. Coleman (In re keene Corp.),* 164 B. R. 844, 835-54 (Bankr. S. D. N. Y. 19944)("Claims based upon breach of a fiduciary duty belong to the corporation.

*Id*. at p. 23.

*Del-Met* also mentioned that Tennessee common law recognizes a fiduciary duty between a majority shareholder and minority shareholders. *Id.* at p. 17. However, *Del-Met* is not a case that litigated a separate tort of "oppressive conduct." Note that *Del-Met* is authority for the fact that directors and officers of a corporation owe their fiduciary duties only to the corporation.

    2.    *Caruana v. Marcum*

Shareholders next cite *Caruna v. Marcum*, 3:01-1567, 2011 WL 2981364 (M.D. Tenn. July 21, 2011) report and recommendation adopted in part, rejected in part, 3:01-1567, 2012 WL 246284 (M. D. Tenn. Jan 26, 2012). Response Brief, [Doc. 67, p. 2, FN 1] Page ID #1682. The opinion is a report and recommendation from Magistrate Judge Bryant of the Middle District of Tennessee. The case involved claims by Mr. Caruana for alleged fraud, defamation, false light, invasion of privacy, breach of fiduciary duty, and conspiracy/concert of action, failure to deliver personal property, failure to indemnify, and breach of contract. *Caruana, supra*, p. 3. *Caruana* is not a case that defines, acknowledges, or creates a separate tort of shareholder oppression.

    3.    *Nelms v. Weaver*

Shareholders next cite *Nelms v. Weaver*, 681 S. W. 2d 547 (Tenn. 1984). Response Brief, [Doc. 67, p. 2, FN 1], Page ID #1682. *Nelms v. Weaver* was discussed in the previous section above.

4.     *McCampbell v. Fountain Head R. Co.*

Shareholders cite *McCampbell v. Fountain Head R. Co*., 111 Tenn. 55, 77 S. W. 1070 (1903).  Response Brief, [Doc. 67, p. 2, FN 1], Page ID #1682.  *McCampbell* does state "courts of equity are prompt to redress the injuries of minority stockholders against the wrongdoing of majorities."  *Id.* at p. 68 [1073].   However, *McCampbell* was a case where suit was filed for various recognized causes of action such as rescinding certain transfers and transactions and corporate dissolution.  In short, *McCampbell* is not authority for the existence of an independent tort of oppressive conduct.

5.     *McRedmond v. Estate of Marianelli*

*McRedmond v. Estate of Marianelli*, 46 S. W. 3d 730 (Tenn. Ct. App. 2000) is also cited favorably by the plaintiffs.  Response Brief, [Doc. 67, p. 2, FN 1], Page ID #1682. However, this case dealt with a breach of a fiduciary duty (under Kentucky law) with respect to a proposed marketing services agreement.  *McRedmond, supra,* at p. 733. The actual case cited by plaintiff is a brief opinion on a petition to rehear the earlier case, whereby the corporation attempted to have the court find that majority shareholders do not owe a fiduciary duty to the corporation itself. *Id.,* at p. 740.  Both cases deal with minority shareholders bringing an action against the majority shareholders for alleged breached of their fiduciary duties with respect to a marketing services agreement, and do not establish an independent action for majority shareholder oppression.

6.     *Johns v. Caldwell*

*Johns v. Caldwell*, 601 S. W. 2d 37 (Tenn. Ct. App. 1980) is another case cited favorably by the Shareholders. Response Brief, [Doc. 67, p. 2, FN 1], Page ID #1682.

This case dealt with a suit to prevent the sale and transfer of stock. *Id*., at p. 39. The court discussed the fiduciary duties owed to stock holders by other shareholders and officers and directors in the context of buying and selling shares of stock. *Id*., at 41-42. However, this case does not establish an independent action for oppressive conduct.

       7.     *Intertherm, Inc. v. Olympic Homes Sys., Inc*

Shareholders cite *Intertherm, Inc. v. Olympic Homes Sys., Inc*. 569 S. W. 467 (Tenn. Ct. App. 1978). Response Brief, [Doc. 67, p. 2, FN 1], Page ID #1682. That case concerned a lawsuit brought by a corporation's general creditors to determine whether a security interest taken by two of the company's shareholders was valid and whether it gave the shareholders priority to the property over the creditors. *Id*., at p. 468. As part of that analysis, the Tennessee Court of Appeals touched upon officer and director fiduciary duty. Like all the other cases discussed above, this one does not stand for the proposition that a minority shareholder has an independent cause of action for oppressive conduct against a majority shareholder.

      **C.     Summary**

In summary, Tennessee law does not appear to recognize a separate tort of shareholder "oppressive conduct" with distinct elements and remedies. To the extent Count I attempts to assert such, that aspect of Count I should be dismissed for failure to state a claim for which relief may be granted as to Third-party Defendants Jeff Beene, II and Jones Beene.

## VI.    BREACH OF FIDUCIARY DUTY

### A.    Introduction – Shareholders Suggest a Corporate Unified Theory of Breach of Fiduciary Duty

Breach of fiduciary duty is a recognized cause of action in Tennessee.  However, it must be brought by the person owed the fiduciary duty (i. e. the person must have standing), and the cause of action must be properly pled.   Pertinent to this case, Third-party Defendants Jeff Beene, II and Jones Beene have the three distinct roles as shareholders, directors, and officers discussed above.  The Tennessee Corporations statute at T. C. A. §48-11-101*, et. seq.*, makes it clear that there are these three (3) distinct roles.  However, the Amended Counterclaim/Third Party Complaint combines all three (3) roles to summarily argue Jeff Beene, II and Jones Beene owe Shareholders a single, unified fiduciary duty to not do the various things to which complaint is made.  See Amended CC, [Doc. 63, p. 7], Page ID #1648.  While it will be for this Court to decide whether Tennessee law recognizes Shareholders' unified corporate fiduciary duty theory, and whether doing so is a good idea, presently the Tennessee Corporations statute separates the roles of the corporate participants into (1) shareholder, (2) director, and (3) officer.   Because Tennessee corporations owe their existence to the state's statutory framework, it is the position of Moving Parties that the statutory framework should control.

### B.    Shareholders v. PI Majority Shareholders Jeff Beene, II and Jones Beene

1.    <u>Generally</u>

As mentioned above, the only active role shareholders have in a corporation is voting.  To say a majority shareholder owes a fiduciary duty to a minority shareholder

means a majority shareholder can only fulfill, or breach, that duty in the context of voting. Thus, what a majority of shareholders should not do is to wrongfully vote their shares. An example would be where the majority shareholders wrongfully vote to fire a director, who is also a minority shareholder. Another example could be where the majority shareholders wrongfully vote to re-purchase a minority shareholder's stock to deny them a business opportunity, under some agreement ostensibly allowing such re-purchase.

      2.     <u>Pleading in this Case</u>

In determining whether Shareholders in this case have pled a cause of action for a breach of fiduciary duty owed to them by the majority shareholders, in their capacities as shareholders, and not some other corporate capacity, we must find in the Amended Counterclaim/Third-party Complaint where it is that Shareholders have pled that Jeff Beene, II, and Jones Beene:

     (1)     are the owners of a majority of PI shares;

     (2)     where they voted the majority of PI's shares;

     (3)     that such vote was wrongful; and

     (4)     as a direct and proximate cause of said vote, Shareholders were damaged.

The Counterclaim/Third-party Complaint satisfies **NONE** of the foregoing criteria. The only mentioning of shareholder voting is where the Estate of Jeff Beene, Sr., not party to this case, voted as described at paragraph 41. Amend. CC [Doc. 63, p. 6], Page ID #1647. Thereafter, Jeff Beene, II and Jones Beene did become majority shareholders as mentioned at paragraph 42. Amend. CC [Doc. 63, p. 10], Page ID #1648. However, nowhere in the

14

Amended Counterclaim/Third-party Complaint is it alleged that Jeff Beene, II and Jones Beene, as majority shareholders, voted in some way in breach of their fiduciary duties.

3.  <u>Summary</u>

Accordingly, Shareholders have failed to plead facts constituting a breach of fiduciary duty owed to them by Jeff Beene, II and Jones Beene as majority shareholders in their capacities as majority shareholders.  Shareholders' allegations against Jeff Beene, II and Jones Beene doing something other than voting as shareholders, and allegedly breaching a duty owed them individually, is discussed in the next section.  However, as it simply regards duties breached at the "role" of shareholder level, Count I of the Amended Counterclaim/Third-party Complaint does not state a cause of action against Moving Parties doing something as majority shareholders and should be dismissed.

**C.  Shareholders v. PI Directors and Officers Jeff Beene, II and Jones Beene**

1.  <u>Generally – Standing to Sue</u>

Directors and officers of a corporation owe a fiduciary duty to the corporation.
*Johns v. Caldwell*, 601 S. W. 2d 37, 41 (Tenn. Ct. App. 1980).  The beneficiary of a duty has standing to enforce the duty and/or seek damages for breach of the duty.  Shareholders, however, are not the corporation, and so Shareholders do not have standing to bring a direct cause of action for breach of a duty owed the corporation.  The United States Supreme Court put it this way:

> Actions for breach of fiduciary duty … accrue to the corporation itself because fiduciary duties are owed to the corporation and it is the corporation that suffers injury when fiduciary duties are breached.

*Pepper v. Litton*, 308 U. S. 295, 307, 60 S. Ct. 238, 84 L. Ed. 281 (1939).  Cited in *Del-Met, supra*, at p. 23 ("… normally that fiduciary obligation is enforced directly by the corporation, or through a stockholder's derivative action …").  Even a stockholder who is the sole shareholder of a corporation may not bring a suit to right a wrong done to the corporation.  *Lockhart v. Moore*, 159 S. W. 2d 438, 443 (Tenn. App. 1941).

Under Tennessee law, officers and directors of a corporation are liable to the corporation for malfeasance and misfeasance and, in proper cases, shareholders and creditors may be subrogated to the rights of the corporation against its officers and directors.  *Schlater v. Haynie*, 833 S. W. 2d 919, 924 (Tenn. Ct. App. 1991).  In Tennessee, the mechanism for a shareholder to assert a claim of injury to the corporation by a director or officer is a derivative action on behalf of the corporation.  T. C. A. §48-17-401.

2.      The Distinct Injury Rule

While a stockholder has no private right of action to sue for damages for alleged injury sustained by the corporation, a stockholder can bring an action individually to recover for an injury done directly to the stockholder distinct from that incurred by the corporation and arising out of a special duty owed to that shareholder by the wrongdoer. *Hadden v. City of Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988).  Further, "Whether a suit against a corporation by one of its shareholders is properly brought as an individual action turns on whether the plaintiff has suffered an injury distinct from one incurred by the corporation." *Franklin Capital Assocs., L.P. v. Almost Family, Inc*., 194 S.W.3d 392, 401 FN 6 (Tenn. Ct. App. 2005)(emphasis added).

16

3.     <u>The Phrase "Corporation and its Shareholders"</u>

There are statements in Tennessee case law that can be quoted to the effect that "[o]fficers and directors owe a fiduciary relationship to the corporation and its shareholders, …" See *Johns v. Caldwell*, 601 S. W. 2d 37, 41 (Tenn. Ct. App. 1980). However, in *Johns v. Caldwell*, the Court's interjection of the phrase, "and its shareholders," appears rhetorical. That is, the reference to "its shareholders" would appear to mean "shareholders, as a group, and as the figurative embodiment of the corporation." The phrase is not authority creating standing for a shareholder to directly sue a director or officer for breach of a the director or officer's fiduciary duty owed the corporation. In furtherance of this point, here is the analysis in *Johns v. Caldwell:*

> It is clear that corporate officers occupy a fiduciary relation to the corporation. (citation omitted). It is further clear that corporate directors occupy a fiduciary relationship to the corporation. (citation omitted). … The question presented in the case at bar, however, is not whether a fiduciary relationship existed as to the corporation but rather is whether a fiduciary relationship existed among the shareholders. It is very clear in Tennessee that not only do officers and directors owe a fiduciary relationship to the corporation and its shareholders, but it is also clear that a controlling shareholder owes a fiduciary duty to the other shareholders. (citation omitted).

*Johns v. Caldwell, supra*, at p. 41. Further, as a matter of hornbook law, a corporation and its stockholders are distinct legal entities. *Parker v. Bethel Hotel Co.*, 34 S. W. 209, 215 (Tenn. 1896).

In summary, to say "an officer owes a fiduciary duty to the corporation," and also that, "a director owes a fiduciary duty to the corporation," <u>therefore</u>, "an individual shareholder has standing to directly sue officers and directors for breach of their duties

owed the corporation, and be entitled to compensation or other remedies directly from those directors and officers," does not logically follow.

### D. The Claims in this Case Where Shareholders Lack a Direct Cause of Action to Sue Moving Parties

Based upon the above analysis and the "Distinct Injury" rule, Shareholders in this case lack standing to bring a direct cause of action seeking compensation and other remedies directly from Moving Parties for various complaints against Moving Parties in the Amended Counterclaim/Third-party Complaint. Those complaints, discussed below, are alleged wrongs committed, if at all, against the corporation generally and are not unique and "distinct" to Shareholders. Shareholders could have brought a derivative action on behalf of the corporation, as discussed below, but did not. Shareholders could have brought an action for corporate dissolution, as discussed below, but did not. As such, the following complaints against Jeff Beene, II and Jones Beene for compensatory damages or other relief which Shareholders claim to be directly entitled fail to state a direct cause of action for which relief may be granted and should be dismissed as follows:

1.  <u>Excess Compensation</u>

Shareholders claim PI has paid excess compensation to its executives Jeff Beene, II, Jones Beene, Todd Harris, and Jennifer Johnson. Amended CC, [Doc. 63, p. 8 -9], Page ID #1649 - #1650. To the extent Shareholders are claiming compensatory damages or other relief attendant to executive compensation directly against Moving Parties (i. e. that Moving Parties pay Shareholders some amount of money), such claim should be dismissed. Shareholders have no standing to bring that claim. PI allegedly paying too much for

18

something, whether it be management compensation or anything else, is <u>not</u> an injury

unique and distinct to Third-party Plaintiff Shareholders herein. If anything, it would be an

injury exclusive to PI. In furtherance of the point, if for example Todd Harris'

compensation is deemed too high for one or more years, what are Shareholders' unique and

distinct damages that may be recovered against Moving Parties? Is it the case that under

Tennessee law, when one director of a corporation votes to set a salary for an officer of the

corporation, not himself, does a minority shareholder have standing to sue that director,

litigate the issue of excess compensation, and then if successful obtain judgment against that

director individually for money or other relief?

2.    <u>Unauthorized Acquisitions</u>

Shareholders claim PI has made an unauthorized purchase of Knight Rifles.

Amended CC, [Doc. 63, p. 9 - 10], Page ID #1650 - #1651. To the extent Shareholders are

claiming compensatory damages or other direct relief from Moving Parties for this, such

claim should be dismissed. Shareholders have no standing to bring that claim. PI

purchasing something it allegedly should not have purchased is not an injury unique and

distinct to Third-party Plaintiff Shareholders herein. If anything, it would be an injury

exclusive to PI. In furtherance of the point, if PI's acquisition of Knight Rifles is deemed

unauthorized, what then? Shareholders do not request rescission of the purchase.

Shareholders have not pled the statutory relief under T. C. A. §48-13-104 for alleged *ultra*

*vires* conduct. In short, were PI's purchase of Knight Rifles deemed to be unauthorized,

what does Tennessee law require Jeff Beene, II and Jones Beene to personally pay

Shareholders?

3.    <u>Self-dealing</u>

Shareholders claim PI has entered into self-dealing transactions with Jeff Beene, II, Jones Beene, and entities under their control.   Amended CC, [Doc. 63, p. 10 - 12], Page ID #1651 - #1653.   To the extent Shareholders are claiming compensatory damages or other direct relief from Moving Parties, such claim should be dismissed.  Shareholders have no standing to bring that claim.  PI entering into transactions it allegedly should not have entered into, or paid too much in those transactions, is not an injury unique and distinct to Shareholders.  If anything, it would be an injury exclusive to PI. Further, by statute, a transaction between a director or officer of a corporation and the corporation are not *prima facie* wrongful.  See T. C. A. §48-18-302.

4.    <u>Charitable Contributions</u>

Shareholders claim PI has made wrongful charitable contributions.   Amended CC, [Doc. 63, p. 12 -13], Page ID #1653 - #1654.   To the extent Shareholders are claiming compensatory damages or other relief for this from Moving Parties, such claim should be dismissed.  PI allegedly paying too much to charity is not an injury unique and distinct to Shareholders.  If anything, it would be an injury exclusive to PI. In furtherance of the point, to the extent it is determined that PI gave too much to charity, how much does Tennessee law require Jeff Beene, II and Jones Beene to personally pay Shareholders?

**E.    Claims of Distinct Injury by Shareholders**

The following claims asserted by Shareholders are unique and distinct to Shareholders.  If actionable under Tennessee law and the facts of this case, Shareholders have standing to assert them against PI, but not against Moving Parties.

20

### 1. Dividends

Shareholders claim PI has not paid dividends. Amended CC, [Doc. 63, p. 8], Page ID #1649. While this is a claim unique to minority shareholders, and all other shareholders, it is a claim against PI. Note that Shareholders failed to plead facts that would constitute entitlement to be paid dividends such by corporate charter, by-laws, other agreement, or by statute. Presently under Tennessee law, there is no direct common law cause of action by a shareholder against a director for damages to be paid by the director for failure to pay dividends.

### 2. Denial of Corporate Documents

Shareholders claim PI and Moving Parties have denied them access to corporate documents. Amended CC, [Doc. 63, p. 12], Page ID #1653. While this is a claim unique to minority shareholders, it is a statutory claim against PI and should be dismissed as to Moving Parties. The statute, at subsection (c) literally states, "order the corporation to pay the shareholder's costs …." T. C. A. §48-26-105(c).

### 3. Filing Suit

Shareholders claim PI has wrongfully filed suit against Shareholders. Amended CC, [Doc. 63, p. 13], Page ID #1654. While this is a claim unique to minority shareholders it would be a claim, if at all, against PI and should be dismissed as to Moving Parties.

## VII.    DISCUSSION OF THE REMEDIES DEMANDED BY SHAREHOLDERS

Even if Count I, as to Third-party Defendants, is not dismissed, than certain remedies sought by Shareholders at page 17 of the Amended Counterclaim/Third-party

Complaint, under the existing pleadings, are not available to Shareholders under Tennessee law and should be dismissed as failing to state a cause of action for which relief may be granted.

### A.   Declaration of Dividends, Distribution of Capital, and Purchase of Shares

Paragraph (c) of the Amended Counterclaim/Third-party Complaint, [Doc. 63], Page ID #1658, demands a declaration of dividends or distribution of capital and purchase of shares.  However, Shareholders have failed to plead facts entitling them to these remedies against Jeff Beene, II and Jones Beene and these remedies should be dismissed.  First, Shareholders plead no charter, by-law, statute, or agreement requiring Moving Parties to do any of these things.  Second, presently Tennessee common law does not recognize a direct, independent cause of action by an individual minority shareholder against majority shareholders, directors, or officers for these remedies.

The only context wherein these remedies might remotely be available to Shareholders is in the context of a statutory action for corporate dissolution.   As mentioned above, in their responses to previous motions, Shareholders had relied upon *Cochran v. L.V.R. & R.C., Inc.*, 2005 Tenn. App. LEXIS 581. In *Cochran*, Plaintiff Terri Cochran brought suit under Tennessee's Judicial Dissolution Statute, T. C. A. 48-24-301, seeking the statutory remedy; i. e. dissolution of a corporation in which she was a minority shareholder.  The Judicial Dissolution Statute provides for just one "end"

remedy, and that is dissolution.[1]  *Cochran* does appear to stand for the proposition that

when a shareholder brings an action for judicial dissolution under the statue, there exists

an array of implied remedies, not mentioned or contemplated by the statute.

However, *Cochran* is not applicable to this case.  Shareholders did not sue PI

under the Judicial Dissolution Statute, as to do so would have required Shareholders to

cite the statute, demand judicial dissolution, and post the requisite bond.  That is, to

proceed under the Judicial Dissolution Statute, the following bond is required:

> In a proceeding for dissolution under §48-24-301(2), the petitioner shall
> execute and file in the proceeding a bond, with sufficient surety, to cover
> the defendant's probable costs, including reasonable attorney's fees, in
> defending the petition.  The court shall determine the amount of the bond
> and may award to any party its reasonable costs, including attorney's fees,
> if it finds for such a party in a proceeding under § 48-24-301.

T. C. A. §48-24-302(d).  This bond requirement was imposed upon Plaintiff Cochran.

See *Cochran, supra*, 2005 Tenn. App. LEXIS 581, p. 5.

In short, there is no common law cause of action for Shareholders to sue Jeff

Beene, II and Jones Beene for dividends from PI, distribution of capital from PI, or to

make them buy Shareholders' PI stock.

## B.     Required Offer to Shareholders

The final sentence of paragraph (c) on page 17 of the Amended

Counterclaim/Third-party Complaint, [Doc. 63], Page ID #1658, demands a "a required

offer to Shareholders to purchase those Class A Voting Shares of stock issued by Third-

party Defendants to themselves."  *Id.*  Presumptively, this demand for relief is for

---

[1] T. C. A. §48-24-302(c) does provide for "interim" remedies such as injunctive relief pending a
   hearing, etc.

Moving Parties to be *ordered* to "offer" to Shareholders the PI stock issued them described at paragraph 41 of the Amended Counterclaim/Third-party complaint. This demand fails to state a claim for which relief may be granted because the terms of the "offer" demanded are unspecified.  Further, it is otherwise questionable what common law right Shareholders base their entitlement to this relief.

### C.      Injunctive Relief

Paragraph (d) on page 17 of the Amended Counterclaim/Third-party Complaint, [Doc. 63], Page ID #1658, demands additional "preliminary and injunctive relief."  This demand fails to state a claim for which relief may be granted because the nature and extent of the preliminary and permanent injunctive relief is unspecified.

### VIII    OTHER AVAILABLE CAUSES OF ACTION

Shareholders could have, but did not, bring a recognized cause of action that would provide for many of the remedies they seek, such as a derivate action pursuant to T. C. A. §48-17-401 or in relation to an action for judicial dissolution pursuant to T. C. A. §48-24-301.  The reason Shareholders are not proceeding under these recognized statutory causes of action is that Shareholders have not complied with the statutory prerequisites and possibly would like to avoid the attorney's fee shifting provision at T. C. A. §48-17-401(d)(1) – (2) and at T. C. A. §48-24-302(d) and also the bond requirement found  at T. C. A. § 48-24-302(d).  As such, Shareholders would like to have the benefit of being able to assert the statutory remedies against Moving Parties, yet as a common law cause of action, so as to avoid the burden of possible payment of costs.

## IX.    CONCLUSION

Wherefore, the Amended Counterclaim/Third-party Complaint fails to state a cause of action for which relief may be granted in the areas discussed above, and so the Motion for Partial Dismissal should be granted as requested.

Submitted this _ 8th__ day of April, 2014.

*/s/ **Brian C. Quist***

_____
Brian C. Quist (BPR #012762)
Joanna R. O'Hagan (BPR #025616)
QUIST, CONE, & FISHER, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929
(865) 524.1873
bcquist@QCFlaw.com
johagan@QCFlaw.com


Attorneys for James Jefferson Beene, II and
Jones C. Beene



## CERTIFICATE OF SERVICE


I hereby certify that on this the **_8th day of April, 2014**, a copy of the foregoing Document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.



**/s/ Brian C. Quist**_____
Brian C. Quist (BPR #025616)