UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PI, INC., )<br>)<br>    Plaintiff, )<br>v. )<br>    )<br>    )<br>M. MELANIE BEENE, JONES C. BEENE, )<br>IV AND F. ALLISON BEENE, )<br>    )<br>    Defendants and Third-Party )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>JAMES JEFFERSON BEENE, II AND )<br>JONES C. BEENE, )<br>    )<br>    Third-Party Defendants. ) | Case No. l:12-cv-350<br><br>Judge Harry S. Mattice, Jr.<br><br>Magistrate Judge Susan K. Lee |

### PI, INC.'s MEMORANDUM IN SUPPORT OF ITS MOTION
### FOR PARTIAL DISMISSAL OF THE AMENDED COUNTERCLAIM

Comes now Plaintiff/Counter-defendant PI, Inc. (hereinafter "**PI**"), and in support of its Motion for Partial Dismissal of the Amended Counterclaim/Third-party Complaint, [Doc. 63], Page ID #1642- #1660, filed against them on February 20, 2014, by Defendants M. Melanie Beene, Jones C. Beene, IV, and F. Allison Beene (hereinafter "**Shareholders**"), submits this Memorandum of law and argument.

For convenient reference, this brief is broken down in to the following contents:

1

|   |   |   |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | STANDARD FOR REVIEW – APPLICABLE LAW | 3 |
| III. | NEW or SIGNIFICANT ISSUES PRESENTED | 4 |
| IV. | DISCUSSION OF THE ISSUES of CLAIMED PI LIABILITY | 5 |
| V. | REMEDIES DEMANDED BY SHAREHOLDERS AGAINST PI | 7 |
| VI. | CONCLUSION | 12 |

## I. INTRODUCTION

Count I of the Amended Counterclaim/Third-party Complaint attempts to assert a cause of action against Third-party Defendants for oppressive conduct and breach of fiduciary duty. At Count I, Shareholders seek to hold PI liable for these alleged actions of Third-party Defendants by asserting PI was the "conduit" for such action. Am. CC, [Doc. 63], Page ID #1656. It is the position of PI that Count I fails to state a claim against PI for which relief may be granted and should be dismissed because Tennessee law does not recognize conduit liability.

Count II of the Amended Counterclaim/Third-party Complaint alleges PI to be a participant in a civil conspiracy with Third-party Defendants. Am. CC, [Doc. 63], Page ID #1656. It is the position of PI that Count II fails to state a claim against PI for which relief may be granted and should be dismissed because the Amended Counterclaim/Third-party Complaint fails to plead facts demonstrating that PI is an actor separate from PI's corporate participants that took affirmative action in furtherance of an actionable conspiracy against Shareholders.

While PI opposes Count III, Count III does state a cause of action, and so Count III is not part of this motion.

As discussed in this Memorandum, at Page 17 of the Amended Counterclaim/Third-party Complaint, Shareholders assert certain remedies against PI that are unavailable to them based on the theories pled and should be dismissed.

## II. STANDARD FOR REVIEW - APPLICABLE LAW

Fed. R. Civ. P. 12(h)(2)(B) allows a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted to be made as a Rule 12(c) motion for Judgment on the Pleadings. The Sixth Circuit has determined that "[t]o survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To that end, under a Rule 12 analysis, "[a]ll facts in the complaint must be accepted as true." *Courie v. Alcoa Wheel & Forged Prods.* 577 F.3d 625, 629 (6th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In this diversity action, substantive state law, in this case Tennessee law, applies. *Bock v. Univ. of Tenn. Med. Group, Inc.*, 2012 U.S. App. LEXIS 6245, 2012. citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965).

3

Case 1:12-cv-00350-HSM-SKL   Document 97   Filed 04/09/14   Page 3 of 13   PageID #: 2391

## III. NEW or SIGNIFICANT ISSUES PRESENTED

Possibly new or significant issues under Tennessee law presented by the Amended Counterclaim/Third-party Complaint to be reviewed by this motion are as follows:

### A. Conduit Liability

Is a corporation liable to a minority shareholder as a "conduit" when majority shareholders, directors, and/or officers of that corporation undertake corporate action claimed to be a violation of their fiduciary duties?" If so, what are the elements of a cause of action for "conduit" liability, and what are the remedies?

### B. Affirmative Relief

As a result of alleged oppressive conduct and/or breach of fiduciary duty by a majority shareholder, director, and/or officer of a corporation, does a minority shareholder in the corporation have a common law direct cause of action against the corporation itself to require the corporation to pay dividends, distribute capital, purchase shares, and issue voting stock?

### C. Order Fixing Director and Officer Salaries

As a result of alleged oppressive conduct and/or breach of fiduciary duty by a majority shareholder, director, and/or officer of a corporation, does a minority shareholder in the corporation have a common law direct cause of action to obtain an order having this Court set officer and director salaries?

## IV. DISCUSSION OF THE ISSUES of CLAIMED PI LIABILITY

The above issues are discussed as follows:

### A. Count I – Conduit Liability

Shareholders claim that at Count I (Oppressive Conduct and Breach of Fiduciary Duty) of the Amended Counterclaim/Third-party Complaint, PI is the "conduit" through which Third-party Defendants are committing oppressive conduct and breaching their fiduciary duties. Amended CC, [Doc.63, p. 15], Page ID #1656. It is PI's position in this diversity case whereby Tennessee law applies, that "conduit" liability is not a recognized cause of action by a minority shareholder against the corporation itself for compensatory damages or other relief for the alleged transgressions of its corporate participants (i. e. shareholders, directors, and officers). As such, Count I fails to state a cause of action for which relief may be granted against PI and should be dismissed.

Counsel for PI herein has searched but has not located any Tennessee authority supporting Shareholders' claim of conduit liability. Perhaps in response to this Motion, Shareholders will provide such authority. Meanwhile, the closest theory located, not applicable to this case, would be in finding a corporation to be a "sham corporation" and otherwise the instrumentality of its owners to attach *owner* personal liability. This concept was recognized in Tennessee by *Neese v. Fireman's Fund Ins. Co*., 386 S.W.2d 918 (Tenn. Ct App. 1964) and adopted by the Tennessee Supreme Court in 1990. *See, Stigall v. Wickes Machinery, Div. of Wickes Corp*., 801 S.W.2d 507 (Tenn. 1990). This is considered to be part of the broader "piercing of the corporate veil" by which a

5

corporation that is merely a conduit for inappropriate actions may be set aside in order to hold officers or directors of a corporation liable to others.

In summary, corporate "conduit liability" appears not to exist as a recognized cause of action under Tennessee law.

    B.    **Count II – Civil Conspiracy**

At Count II (Civil Conspiracy), Shareholders' claim against PI is that "PI, Inc. and Third-party Defendants are liable to Shareholders for civil conspiracy." Amended CC, [Doc.63, p. 16], Page ID #1657. It is PI's position in this diversity case where Tennessee law applies, that Shareholders have failed to plead facts that PI, as an entity separate and apart from Third-party Defendants, has participated in an actionable civil conspiracy.

In order to recover on a theory of civil conspiracy, a plaintiff must show "a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." See *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001); citing *Dale v. Thomas H. Temple Co.*, 186 Tenn. 69, 87, 208 S.W.2d 344, 353 (1948); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002).

In the corporate context:

> [t]here can be no actionable claim of conspiracy where the conspiratorial conduct alleged is essentially a single act by a single corporation acting through its officers, directors, employees, and other agents, each acting within the scope of his or her employment. The acts of these representatives, if performed within their representative, agency, or employment capacities on behalf of the corporation, are attributed to the corporation.

6

*Id.*, at 703-704. Additionally, "[a]s long as the agent is acting within the scope of his or her authority, the agent and the corporation are not separate entities and cannot be the sole parties to a conspiracy. *Id*.

As a final point, the pleadings in this case, as to PI, simply offer the conclusory allegation that Third-party Defendants have engaged in "conspiratorial conduct with PI." Amended CC, [Doc. 63, p. 15], Page ID #1656. However, under the requirements of Fed. R. Civ. P. 8, as scrutinized pursuant to Fed. R. Civ. P. 12(b)(6):

> A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Papasan v. Allain*, 478 U. S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

*Bell v. Atlantic Corporation v. Twombly*, 550 U. S. 544, 556, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 929, 940 (2007)

In summary, the Amended Counterclaim/Third-party Complaint fails to plead the requisite facts that PI was an actionable participant in a conspiracy intent on harming Shareholders. As such, and as a matter of law, Count II of the Amended Counterclaim/Third-party Complaint fails to state a cause of action for which relief may be granted against PI and should be dismissed.

## V. REMEDIES DEMANDED BY SHAREHOLDERS AGAINST PI

At page 17 of the Amended Counterclaim/Third-party Complaint, Shareholders seek various remedies against PI. Amended CC, [Doc. 63, p. 17], Page ID #1658. To the extent the causes of actions upon which all remedies depend at Counts I and II are not

dismissed, then certain of those remedies asserted against PI should be dismissed as to PI for several reasons discussed in detail below.

### A. Paragraph (b) – Conduit Liability

Paragraph (b) on page 17 of the Amended Counterclaim/Third-party Complaint, [Doc. 63, p. 17], Page ID #1658, seeks a finding against PI for "conduit" liability and for compensatory damages. "Conduit" liability is discussed previously in this Memorandum, and since a cause of action for "conduit" liability does not exist, the relief sought at paragraph (b) against PI should be dismissed.

### B. Paragraph (c) – Affirmative Relief.

Paragraph (c) on page 17 of the Amended Counterclaim/Third-party Complaint, [Doc. 63, p. 17], Page ID #1658, demands certain "affirmative" relief and then also compensatory damages. On breach of a recognized legal duty, a successful plaintiff would be entitled to claim compensatory damages and so separately dismissing that relief is not part of this motion. However, the other "affirmative" relief sought at paragraph (c) is not relief that may be obtained against PI under the pleadings and should be dismissed.

At paragraph (c) Shareholders demand that PI purchase Shareholders' PI stock at a fair and reasonable price and that PI issue additional Class A Voting Shares to Shareholders. It is unclear whether the demand in the first sentence of paragraph (c) for a dividend to be declared, capital distributed, and officer and director salaries to be fixed is relief sought against just PI, just Third-party Defendants, or both and so it will be assumed the relief sought is against both.

Shareholders do not plead that PI's charter, bylaws, or some other agreement entitles them to this affirmative relief. Shareholders do not plead a statutory right to this relief. As to buying Shareholders' PI stock and paying them dividends, Shareholders concede there is no legal obligation for PI to do so. Response Brief to PI's Prior MSJ, [Doc. 41], Page ID #419 - #434. Therefore, the only remaining possibility for Shareholders to obtain this affirmative relief must be by and through the existence of a recognized independent cause of action under Tennessee common law.

Counsel for PI herein has located no Tennessee case that provides these affirmative remedies against a corporation for either a separate tort called "oppressive conduct" or for breach of fiduciary duty by a majority shareholder, director or officer.

1. <u>Judicial Dissolution – Alternate Remedies</u>

At the outset, it is noted that had Shareholders brought a cause of action for judicial dissolution pursuant to T. C. A. §48-24-301, pled the statute, and posted the required bond, it does appear that a court can grant, *in lieu* of ordering dissolution if dissolution is opposed, various remedies including purchasing of shares and payment of dividends. In *Cochran v. L. V. R. & R. C., Inc.*, 2005 Tenn. App. LEXIS 581, a case relied upon by Shareholders in support of their theories, Plaintiff Terri Cochran brought suit under Tennessee's Judicial Dissolution Statute T. C. A. §48-24-301 seeking the statutory remedy; i. e. dissolution of a corporation referred to at the 'The Home Place" in which she was a minority shareholder. The Judicial Dissolution Statute provides for just

one "end" remedy, and that is dissolution.[1] *Cochran* does appear to stand for the proposition that when a shareholder brings an action for judicial dissolution under the statue, there exists an array of implied remedies in the alternative to dissolution, not mentioned or contemplated by the statute. These alternative "end" remedies come into existences strictly as alternative remedies presumably because the only allowed "end" remedy of dissolution is being opposed.

However, in this case, Shareholders did not sue PI under the Judicial Dissolution Statute, as to do so would have required Shareholders to cite the statute, demand judicial dissolution, and post the requisite bond. That is, to proceed under the Judicial Dissolution Statute, the following bond is required:

> In a proceeding for dissolution under §48-24-301(2), the petitioner shall execute and file in the proceeding a bond, with sufficient surety, to cover the defendant's probable costs, including reasonable attorney's fees, in defending the petition. The court shall determine the amount of the bond and may award to any party its reasonable costs, including attorney's fees, if it finds for such a party in a proceeding under § 48-24-301.

T. C. A. §48-24-302(d). This bond requirement was imposed upon Plaintiff Cochran. See *Cochran, supra*, 2005 Tenn. App. LEXIS 581, p. 5.

In short, to avoid posting the required bond under the judicial dissolution statute and facing the possibility of an adverse attorney's fee shifting provision at T. C. A. §48-24-302(d), Shareholders have sought, and request this Court to find, the existence of a new and unrecognized direct tort action against PI for these remedies.

---

[1] T. C. A. §48-24-302(c) does provide for "interim" remedies such as injunctive relief pending a hearing, etc.

10

Case 1:12-cv-00350-HSM-SKL Document 97 Filed 04/09/14 Page 10 of 13 PageID #: 2398

## 2. Judicial Intervention – Setting Director and Officer Compensation

At paragraph (c), Shareholders request an order from this Court setting PI director and officer compensation, presumably in perpetuity. Doing so goes against the time honored judicial policy of refraining from interfering in such matters for a private corporation. With respect to shareholders:

> [t]he majority stockholders of a corporation have an undisputable right, in the absence of fraud, to manage the corporate affairs within the powers possessed by such corporation, and courts of equity will not, as a general rule, exercise jurisdiction at the instance of shareholders in a corporation to control or interfere in the management of the corporate or internal affairs of the corporation.

*Range v. Tennessee Burley Tobacco Growers Assoc.*, 41 Tenn. App. 667, 675 (Tenn. Ct. App. 1955). This not being a case alleging "fraud," the relief sought seeking judicial intervention setting salaries for PI's directors and officers in perpetuity should be dismissed for failure to state a claim for which relief may be granted.

## 3. Summary

In summary, it does not appear that Tennessee law recognizes a direct cause of action for the other "affirmative relief" requested at paragraph (c) against PI. Specifically, absent a contractual or statutory obligation, PI should not be forced to pay dividends just because it is demanded; PI should not be forced to purchase stock just because it is demanded; PI should not be forced to issue additional stock just because it is demanded; and PI should not be forced to distribute capital just because it is demanded.

### C. Paragraph (d) – Injunctive Relief

Paragraph (d) on page 17 of the Amended Counterclaim/Third-party Complaint, [Doc. 63, p. 17], Page ID #1658 seeks unspecified injunctive relief, presumably against both PI and Third-party Defendants. This remedy fails to state a claim for which relief may be granted since there is no specified conduct by PI sought to be enjoined. After all, Fed. R. Civ. P. 65(d) requires that any Order entered granting an injunction "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C).

## VI. CONCLUSION

For the reasons set forth above, PI requests that its Motion be granted.

Submitted this _9th __ day of April, 2014.

*/s/ Brian C. Quist*
_____
Brian C. Quist (BPR #012762)
Joanna R. O'Hagan (BPR #025616)
QUIST, CONE, & FISHER, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929
(865) 524.1873
bcquist@QCFlaw.com
johagan@QCFlaw.com

Attorneys for PI, Inc. and James Jefferson Beene, II and Jones C. Beene

12

## CERTIFICATE OF SERVICE

      I hereby certify that on this the **9TH day of April, 2014**, a copy of the foregoing Document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      **/s/ Brian C. Quist**
      Brian C. Quist (BPR #012762)