UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:12-cv-350 |
| M. MELANIE BEENE, JONES C. BEENE, ) | |
| IV AND F. ALLISON BEENE, ) | District Judge Harry S. Mattice, Jr. |
| ) | |
| Defendants and Third-Party ) | Magistrate Judge Susan K. Lee |
| Plaintiffs, ) | |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| JAMES JEFFERSON BEENE, II AND ) | |
| JONES C. BEENE, ) | |
| ) | |
| Third-Party Defendants. ) | |

## MOTION TO FILE UNREDACTED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND EXHIBITS TO MOTION UNDER SEAL

Defendants/Third-Party Plaintiffs, M. Melanie Beene, Jones C. Beene, IV, and F. Allison Beene (collectively the "**Defendants**" or "**Shareholders**"), pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, Local Rule 26.2(b) and the Agreed Protective Order entered in this case on February 14, 2013 (Doc. 31), move the Court for an order allowing the filing of an unredacted version of Defendants' Memorandum in Support of their Motion for Summary Judgment ("**Motion**") against Plaintiff, PI, Inc. ("**Plaintiff**" or "**PI**") and Third-Party Defendants, James Jefferson Beene, II ("**Jeffry Beene**") and Jones C. Beene ("**Jones Beene**") (together, the "**Third-Party Defendants**," and collectively with Plaintiff, the "**PI Parties**") under seal, along with Exhibits A through U to their Motion for Summary Judgment.

1

For cause and in support of this Motion, Shareholders state that an Agreed Protective Order was entered in this case on February 14, 2013 (Doc. 31) in which the parties agreed that certain documents and information provided in this case shall be protected as confidential. The PI Parties produced numerous documents in this case at various different times and, pursuant to cover letters included by counsel for the PI Parties with each set of produced documents, indicated that "All documents produced herein are tendered pursuant to, and subject to, the Protective order entered in this case 2/13/13 [Doc. 31]." **Thus, every document produced by the PI Parties was designated by them as confidential pursuant to the Agreed Protective Order**. While the Shareholders do not believe that such designations are in good faith, they are nonetheless bound by the terms of the Protective Order. To be clear, Shareholders have no independent knowledge of the confidentiality of these various documents.

Shareholders seek to rely on various documents produced by the PI Parties in their Motion for Summary Judgment and Memorandum in Support, and also quote or directly reference certain of the information contained in documents produced by the PI Parties in the Memorandum. Therefore, because the PI Parties have designated every document as confidential, Shareholders seek to file an unredacted version of their Memorandum, along with the exhibits to the Motion for Summary Judgment, under seal. While Shareholders are not privy to the PI Parties' justification for producing every document under seal, the PI Parties have previously submitted that

> "PI is a "privately owned, and not-publically traded corporation. PI is in a competitive industry. The details and secrets of its inner-workings and financial position are not made public. PI takes vigilant steps to keep its business and private affairs private. PI's business and financial affairs are not available to the public."

[Doc. 83, PI Parties' Amended Response to Defendants' Motion [68] to File Documents Under Seal.] However, Shareholders look to the PI Parties to further submit the rationale under which they marked these materials confidential. Shareholders seek to file the unredacted Memorandum and exhibits to the Motion under seal for the protection of the PI Parties' confidential business information and to provide the PI Parties with the opportunity to address their rationale to the Court.

Certain of the exhibits Shareholders have included with their Motion for Summary Judgment are excerpts from the deposition testimony of Jeffry Beene, Jones Beene, Todd Harris and Jennifer Johnson and exhibits thereto, which exhibits were selected from documents produced as confidential by the PI Parties. While the PI Parties have not specifically designated the deposition transcripts as confidential within the ten-day window allowed pursuant to Paragraph 4(a) of the Agreed Protective Order, certain of the testimony in the transcript excerpts quotes from or directly describes information contained in documents that were produced and designated as confidential. Out of an abundance of caution, and given the plenary designation of all production material as confidential, Shareholders are also filing this deposition testimony under seal.

Additional exhibits on which Shareholders rely in support of their Motion for Summary Judgment and Memorandum in Support include certain interrogatory answers of PI, Jeffry Beene and Jones Beene. Because the specific interrogatories quote from or directly describe the content of documents produced by the PI Parties as confidential, Shareholders seek to file the excerpts from the interrogatory answers under seal to protect the confidential nature of the quoted information for the reasons set forth above.

3

Paragraph 6 of the Agreed Protective Order provides that "A party . . that intends to file with the Court any paper, pleading or exhibit containing Confidential Discovery Material shall submit such material to Court chambers in a sealed opaque container or envelope, indicating the case heading for this case, and a notice that the contents are subject to a Protective Order. The party submitting such materials shall simultaneously file a Motion for Permission to file Documents under Seal, which will request that such sealed document be received and kept under seal."

In order to comply with Paragraph 6 of the Agreed Protective Order, Shareholders will be submitting a complete unredacted version of their Memorandum, along with the exhibits to the Motion for Summary Judgment, to Court chambers in a sealed opaque container or envelope.

Accordingly, Defendants respectfully request that the Court permit them to file the unredacted Memorandum in Support of their Motion for Summary Judgment and Exhibits A through U to their Motion for Summary Judgment under seal.

Respectfully Submitted,

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC

By: s/ Clinton P. Sanko
Cameron S. Hill, BPR No. 017408
Clinton P. Sanko, BPR No. 023354
Jamie Morton, BPR No. 031243
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
(423) 209-4168
(423) 752-9580 (fax)
csanko@bakerdonelson.com

*Attorney for M. Melanie Beene, Jones C. Beene, IV, and F. Allison Beene*

4

# CERTIFICATE OF SERVICE

I hereby certify that I have on this 15th day April, 2014 caused a copy of the foregoing to be served upon the following:

> Brian C. Quist
> Joanna R. O'Hagan
> Quist, Cone & Fisher, PLLC
> 2121 First Tennessee Plaza
> 800 S. Gay Street
> Knoxville, TN 37929-2121
>
> Attorneys for Plaintiff and Third-Party Defendants

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: s/ Clinton P. Sanko
Clinton P. Sanko, BPR No. 023354